## RUCKMAN *v.* ALLWOOD *et al.*

(September Term, 1867.)

1. AUTHORITY OF AN ATTORNEY — *waiver of right to question it, by delay.* Where a defendant in error was in court by service of process, he will be presumed to be cognizant of the filing in the cause of a plea of release of errors; and such a plea being filed by an attorney of this court, an issue made up thereon which was sent to the court below for trial, and the verdict certified back to this court, and action taken thereon, the defendant will not afterward be heard to question the authority of such attorney to file the plea.

2. BOND FOR COSTS — *waiver by delay.* After such proceedings, it is too late to object that the plaintiff in error was a non-resident and had failed to file a bond for costs prior to the suing out of the writ of error.

THIS was a writ of error to the Circuit Court of Peoria county.

At the April Term, 186 , Mr. H. M. WEAD, an attorney of this court, appeared and filed a plea of release of errors, in the name of the defendants in error, and the cause submitted at the last term, upon which issue was joined, which was sent to the court below for trial. The verdict of the jury was certified back to this court, and pending its consideration at the present term, Mr. LYMAN LACEY, as attorney for the defendants in error, entered his motion for leave to withdraw the plea filed by Wead, and to join in error, alleging, as one of the grounds for the motion, that the defendants never authorized said Wead to appear in this cause as their attorney, nor to file said plea.

Several affidavits were presented, relating to the question of authority of Wead to appear as the defendants' attorney.

The defendants appear to have been brought into court by service of process, before the plea was filed, but failed to interpose any objection thereto until they made this motion.

Per CURIAM: The application for leave to withdraw the plea, and to join in error, comes too late. The defendants were duly served with process, and after being thus brought into court, an attorney of this court appeared and filed the plea, upon which issue was joined, a trial had in the court below and the verdict returned to this court. It must be supposed, as the defendants were regularly brought into court, that they were cognizant of his acts and approved them, and they cannot be heard now to object that the attorney filing the plea had no authority.

*Motion denied.*

The defendants subsequently moved the court to dismiss the cause, upon the ground that there was no bond for costs filed prior to suing out the writ of error, the plaintiff in error being a non-resident.

Per CURIAM: After all these proceedings, the motion comes too late.

*Motion denied.*