ORRIN FORSYTH *et al.*

*v.*

WILLIAM C. WARREN.

1.   ATTACHMENT—*publication of notice—of the computation of the sixty day's time required by the statute.*   In the computation of time under the section of the attachment act, requiring that sixty days shall intervene the first publication of notice and the term of court, the rule is to exclude the day on which the notice is first inserted in the newspaper, and include the day on which the term commences.

2.   SAME—*notice of publication—whether defective.*   In an attachment suit, the notice of publication recited a date to the writ subsequent to the return term.   Such mistaken and unnecessary date, the notice without regard to the same being otherwise in full compliance with the statute, was not regarded as a fatal defect in the notice.

3.   JUDGMENT IN ATTACHMENT—*when limited to the amount claimed in the affidavit.*   It is a fatal error for the plaintiff in an attachment in which there is no other jurisdiction obtained in the case except by levying the attachment and publishing the notice, to take judgment for more than the sum claimed in the affidavit and notice, with the subsequently accruing interest.

4.   SAME—*waiver of such error.*   Nor does the defendant waive such error by coming into court after judgment, though at the same term, and praying an appeal.

APPEAL from the Superior Court of Chicago.

This was an attachment suit brought by William C. Warren,

against Orrin Forsyth, Willard Abbott, and Joseph F. Forsyth. The following is the affidavit upon which the writ was issued :

STATE OF ILLINOIS, } ss.
   COOK COUNTY,

William C. Warren, being duly sworn, says, on oath, that Orrin Forsyth, Willard Abbott, and Joseph F. Forsyth, partners doing business under the name of Forsyth & Co., of the city of Rochester, county of Monroe, and State of New York, are justly indebted to deponent in the sum of $230.60, for services rendered by deponent for said firm, and for commissions due deponent on sales of the goods, wares, and merchandise of said firm ; and deponent further says, that the said Orrin Forsyth, Willard Abbott, and Joseph F. Forsyth, composing said firm of Forsyth & Co., are not residents of the State of Illinois.                                      W. C. WARREN.

Subscribed and sworn to before me this 31st day of August, A. D. 1869.                    A. JACOBSON,
                 *Clerk of the Superior Court of Chicago.*

Publication of notice was as follows :

State of Illinois, Cook County.    Superior Court of Chicago, September Term, A. D. 1869.

WILLIAM C. WARREN
*vs.*
ORRIN FORSYTH, WILLARD ABBOTT, AND
   JOSEPH F. FORSYTH, *Partners, etc.*

Public notice is hereby given to the said Orrin Forsyth, Willard Abbott, and Joseph F. Forsyth, partners, etc., that a writ of attachment, issued out of the office of the clerk of the Superior Court of Chicago, dated the 31st day of September, A. D. 1869, at the suit of the said William C. Warren, and against the estate of the said Orrin Forsyth, Willard Abbott, and Joseph F. Forsyth, partners, etc., for the sum of $230.60, directed to the Sheriff of Cook County, which said writ has

been returned executed. Now, therefore, unless you, the said Orrin Forsyth, Willard Abbott, and Joseph F. Forsyth, partners, etc., shall personally be and appear before the said Superior Court of Chicago, on or before the first day of the term thereof, to be holden at the court house in the city of Chicago, on the first Monday of September, A. D. 1869, give special bail and plead to the said plaintiff's action, judgment will be entered against you, and in favor of the said William C. Warren, and so much of the property attached as may be sufficient to satisfy the said judgment and costs, will be sold to satisfy the same.                    A. JACOBSON, *Clerk.*

And the following is the publisher's certificate:

This certifies that a notice, of which the annexed printed slip is a true copy, was published for four successive weeks, to-wit: Four times in the daily edition of the Chicago *Republican,* a newspaper published in the city of Chicago, and of general circulation throughout Cook County and the State of Illinois; and that the date of the first paper containing the same was the second day of September, 1869, and that the date of the last paper containing the same was the twenty-third day of September, A. D. 1869, and that we have received $6.50 for publishing the same.

Dated at Chicago, this 25th day of October, 1869.
                    L. W. POWELL, *Publisher.*

At the return term of the writ the cause was continued, as also at the October term following; but at the next succeeding term of the court, which began on the first of November, 1869, the default of the defendants first being entered, judgment was rendered in favor of the plaintiff for $238.65, and costs.

To reverse this judgment the defendants appeal.

Messrs. HITCHCOCK, DUPEE & EVARTS, for the appellants.

Messrs. DENT & BLACK, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

In this case the judgment was set aside, and a rehearing granted by the court, upon its own motion.

The objection, that sixty days did not intervene between the first insertion of the publication of notice and the first term of the court, is not well taken. In the computation of the time, in such case, the rule established is to exclude the day of the first insertion, and include the first day of the term. By this rule, sixty days did intervene. *Vairin* v. *Edmonson,* 5 Gilm. 270.

The recital in the notice of publication of a date to the writ of attachment subsequent to the return term, is not a fatal defect. Independent of this recital, the notice informed the debtor of the attachment, against whose estate, for what sum, and before what court it was pending, and that, unless he appeared at the court house in Chicago at a fixed time, and plead, judgment would be given against him. The statute was fully complied with, and the party could know from the notice when and where to appear and defend the attachment. He could not have been misled by the mistaken and unnecessary date.

The last objection is, that the judgment exceeds the sum stated in the affidavit and subsequently accruing interest. There was no other jurisdiction obtained in the case, except by levying the attachment and publishing the notice. The excess is conceded. The cases of *Rowley* v. *Berrian,* 12 Ill. 202; *Hichins* v. *Lyon,* 35 Ill. 150; and *Hobson* v. *Emporium Co.,* 42 Ill. 306, hold that this is error.

We can not accede to the proposition urged by appellee, that appellants waived this error by coming into court after judgment, though at the same term, and praying an appeal. If the exercise of the right which the law gave him to correct the error by appealing to this court, is to be deemed a waiver of the error in this case, we are unable to see why it would not in every other.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*