## MARK COHEN

v.

## HENRY A. SMITH ET AL.

*Attachment—Affidavit—Garnishment—*Remittitur*—Change of Attorney —Equitable Assignments—Costs—Publication—Default.*

1. Upon default after publication in attachment proceedings, a judgment for too large an amount can not be cured by a *remittitur*, for the reason that the record can not show that the merits as to the residue are with the party in whose behalf the same was entered.

2. A change of attorney, if not made by voluntary arrangement, must be done by order of court.

3. The authority of an attorney of record can not be interfered with until the same is revoked.

[Opinion filed July 2, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. GARDNER, McFADON & GARDNER, for plaintiff in error.

Cohen sues out a writ of error, and assigns for error the rendition by the Superior Court of the judgment against him for $1,398.35 on the 24th of April, 1885; that the said Superior Court had no jurisdiction over him to render said judgment.

1. Because the notice did not show for what amount the suit was brought.

In attachment proceedings the Superior Court exercises a special statutory power, and hence in such proceedings is governed by the same rule as courts of limited jurisdiction, and all facts necessary to give jurisdiction must affirmatively appear on the record and can not be proven by parol. Haywood v. Collins, 60 Ill. 328, 333.

Where defendant in such proceeding is neither personally served nor enters his appearance, the jurisdiction of the court

can attach only by a publication of the notice specified in Sec. 32, Attachment Act, (Starr & C. Ill. Stats.), and the record must show affirmatively, compliance with the requirements of said section.    Haywood v. McCrory, 33 Ill. 459.

Said notice must show "for what sum" the attachment is brought, and unless it does so is defective, as defendant should have a right of election whether or not to contest the claim. Haywood v. Russell, 44 Mo. 252.

The notice published in the case at bar stated that the attachment writ, issued February 2, 1885, was for the sum of $923.12, while the amount due by the affidavit for attachment was over $1,300, and the judgment rendered April 24, 1885, was for $1,398.35.

The following cases show the necessity of the notice complying exactly with the statute.

In the case of Durossel's Adm'rs v. Hale, 38 Mo. 346, the court held a notice of publication which failed to state, as required by the laws of Missouri, that defendant's property had been attached, was for that reason bad, and a sale of land in that proceeding was held void.    Varien v. Edmonson, 5 Gilm. 270.

The recitals in the judgment do not correct the defect in the notice, as the proceeding here is a direct proceeding to set aside the judgment, and not a collateral one.    Dow v. Whitman, 36 Ala. 604; Randall v. Sanger, 16 Ill. 27; see Harris v. Lester, 80 Ill. 307.

See also opinion by Sheldon, J., in Haywood v. Collins, 60 Ill. 342, and opinion by Scott, J., in Botsford v. O'Connor, 57 Ill. 85.

Even in collateral proceedings, where defects in publication of notice are considered to be covered by a finding in the judgment that due proof of publication was made, unless the judgment so states, a judgment rendered on a notice not certified to have been published by a publisher has been held void.    Haywood v. Collins, 60 Ill. 328.

2.    Because the judgment rendered exceeded the sum stated in the affidavit, and subsequently accruing interest.

The affidavit for attachment filed in this case claimed as the

principal sum due the plaintiff, $923, and as interest six per cent upon that sum from September 27, 1877.

The interest upon $923 from September 27, 1877, to April 24, 1885, at six per cent, is $419.48, which added to the principal sum makes a total sum of $1,342.48.

The judgment rendered on April 24, 1885, was $1,398.35, exceeding the amount of the sum stated in the affidavit and subsequently accruing interest by $55.87.

The above facts make an exactly similar case to that of Forsyth v. Warren, 62 Ill. 68, where the court held the judgment void.

Messrs. EWING & EWING, for defendant in error.

GARY, J.   This was an original attachment commenced February 2, 1885, in the Superior Court by the defendants in error against the plaintiff in error. There was no personal service.   The affidavit for the attachment stated the indebtedness to be $923, with interest at six per cent per annum from September 25, 1877, for money received.   The writ and published notice stated only the $923, omitting any allusion to the interest.   April 24, 1885, judgment by default was entered against the plaintiff in error for $1,398.35.

The New York Life Insurance Company was summoned as garnishee, and judgment rendered against it in favor of Cohen for the use of Smith et al., for $1,691.   That the judgment against the plaintiff in error is erroneous, is settled by Forsyth v. Warren, 62 Ill. 68, and cases there cited; and if the error could be cured by a *remittitur* in this court, remitting, as has been done, $55.87, is only an attempt to bring the amount down to correspond with the original affidavit, while the excess above the amount stated in the publication notice, is the error.   The intimation in Steamship Clarion v. Moran, 18 Ill. 501, is, that the error could not be cured by a *remittitur.*   The practice is now more liberal, but it would seem, as amendments are allowed only in furtherance of justice, that to make a *remittitur* effectual, it should affirmatively appear by the record that the real merits as to the residue, after the

Cohen v. Smith.

*remittitur*, are with the party who has the judgment. On default, after publication only, this can not be apparent.

After errors were assigned here, another attorney than those of record for the plaintiff in error put in a motion, supported by affidavits of his authority from the plaintiff in error to do so, to dismiss the writ. That mode of proceeding is not regular. While a party to a suit has the right to change his attorney, yet, if such change is not in fact made by voluntary arrangement, it must be done under the order of the court. 1 Tidd's Pr., 94.

The authority of the attorney of record is presumed. Ruckman v. Allwood, 40 Ill. 128; Williams v. Butler, 35 Ill. 544; Reed v. Curry, 35 Ill. 536; and no other attorney can interfere while that authority is unrevoked. Ginders v. Moor, I. B. & C. 654, S. C., 8 E. C. L. 276.

If, as is probably the fact, the defendants in error had ploughed with the plaintiff in error, they might have obtained his release of errors, and pleaded it, and put the case in a troublesome shape. Kern v. Zink, 55 Ill. 449; Ruckman v. Allwood, 40 Ill. 128.

It appears, however, that by arrangement with the plaintiff in error, this writ was sued out in his name, and has been prosecuted by, and at the expense of, the New York Life Insurance Company. He has, therefore, no right to control the case. All that he can claim is indemnity against the costs. The principle which protects the assignee of a non-negotiable chose in action, after notice to the party liable, against the subsequent acts of the assignor, applies here for the protection of the company. See Creighton v. Hyde Park, 6 Ill. App. 274, and cases cited there.

There is no showing that for any consideration, the parties to this writ have dealt with other, with or without notice to the defendants in error, of the interests of the company in the suit. The transaction between the plaintiff in error and the company amounts to an equitable assignment to the company of the cause of action, namely, the right to reverse the judgment in this case for error to the company. Bispham's Eq., Sec. 164.

That cause of action was a proper subject of assignment, being of value to both parties. Everett v. Central Iowa, 35 N. W. 609; Davis v. St. L. & S. F., 25 Fed. 786; Greenhood's Pub. Pol. 420 *et seq.*

And specially is it of value to the company, presumably solvent, as a means of getting rid of a large judgment against them. For if the judgment against the plaintiff in error be reversed, the judgment against the company dependent upon the former, falls with it. 3 Bac. Abr. 384–5; Error M. 2 Saund. R. 101 aa; McJilton v. Love, 13 Ill. 486.

The judgment is reversed and the cause remanded.

It will be in order after the cause is reinstated in the Superior Court, for the company to move to set aside the judgment against them.

*Reversed and remanded.*