# CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

## JOHN H. EVANS.

*Practice—Time for Filing Copy of Record—Computation of—Construction of Statute.*

Under Sec. 73, Chap. 110 R. S., regulating the time within which a certified copy of the record must be filed in the Appellate Court, the proper rule is to exclude the day on which the time commences to run and include the day to which it should run.

[Opinion filed June 18, 1891.]

APPEAL from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. SWEENEY & WALKER, for appellant.

Messrs. GRIER & STEWART, for appellee.

LACEY, P. J.   The appellee moves the court to dismiss appellant's appeal in this case, and assigns for cause that a certified copy of the record of the judgment appealed from was not filed in this court in apt time required by the statute. The facts are as follows: The September term of the Circuit Court, A. D. 1890, of which the judgment in question was appealed from, adjourned November 22, 1890. The next term of the Appellate Court convened December 2, 1890.

If the day on which the Circuit Court adjourned be excluded and the first day of the Appellate Court be included, then ten days elapsed between the day of adjournment of the Circuit Court and the convening of the Appellate Court; and if such computation be admitted as correct, then by the terms of the statute the record should have been filed in this court by the tenth day of the December term, 1890, and not having been filed herein till long afterward, the appeal should be dismissed. The appellant contends that under the statute only nine days elapsed between the adjournment of court and the convening of the Appellate Court, and hence the appeal is brought here in time. Upon the construction of Sec. 73, Chap. 110, the right to file the record of said cause at this term of court depends. The section in question, after providing for the filing of an authenticated copy of the record in the Appellate or Supreme Court, provides that if twenty days shall have intervened between the date of the judgment appealed from, now so changed as to require the appeal to be taken from the day of the adjournment of court, instead of the date of the judgment, and the sitting of Appellate or Supreme Court, "but if ten days, and not twenty days, shall have intervened, as aforesaid, then the record shall be filed, as aforesaid, on or before the tenth day of said succeeding term; otherwise said appeal shall be dismissed until further time to file the same shall have been granted."

It is contended by appellant that the clause, "intervening," etc., between the adjournment of the court and the convening of the Appellate Court, should be construed so as to require that the day of the adjournment of the Circuit Court, as well as the day of the convening of the Appellate Court, should both be excluded. In such case only nine days would intervene, and the appeal brought here would be in apt time. We do not understand that such is the proper construction of the act. It has been uniformly held that where language like that in the above sections is used it is the rule to exclude the day on which the time commences to run, and include the day to which it should run. Vairin v. Edmonson, 5 Gilm. 270; Roan v. Rohrer, 72 Ill. 582; Higgins v. Halligan, 46 Ill. 173.

Therefore we must hold that the authenticated copy of the record was not filed in this court in the time required by the statute, and in accordance with its peremptory provisions the appeal should be dismissed. But the appellant contends that appellee has waived his right to dismiss the appeal by assigning cross-errors and filing his briefs, and therefore his motion should not be sustained. Such has not been the ruling of this and other Appellate Courts of this State. It has always been held that the parties could not by such acts waive the right to move for dismissal, and indeed the court might dismiss the appeal on its own motion. The motion will have to be sustained and the appeal dismissed.

*Motion to dismiss appeal herein granted.*