## Schuyler C. Logsdon v. Ethel K. Logsdon.

1.  STATUTES—*Requiring a Certain Number of Days to Intervene Before Authority Is Conferred, Construed.*—Provisions of a statute requiring a certain number of days to " intervene" or " elapse" before authority is conferred, are complied with by a publication or posting of notice covering the number of days when the day of first publication or posting of notice is excluded, and the day of the last publication, or performance of the act. is included.

2.  SAME—*No Distinction to be Drawn Between the Word " Expiration" and the Word " Elapse" or " Intervene."*—In statutes requiring a certain number of days to " intervene" or " elapse" before authority is conferred, there is no distinction to be drawn between the word " expiration" and the word " elapse" or " intervene."

3. ATTACHMENT—*Form of Judgment Same as in Any Other Suit.*— The form of the judgment is the same in an attachment suit as in any other suit, whether there be personal service or not; but when there is not such personal service the award should be only of a special execution.

Attachment.—Error to the County Court of Schuyler County; the Hon. H. V. TEEL, Judge presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed August 28, 1903.

L. A. JARMAN, attorney for plaintiff in error.

Proceeding in attachment is in derogation of the common law, and to be binding, proceedings must be in strict accordance with the statute.     Vairin v. Edmonson, 5 Gilm. 270; Cariker v. Anderson, 27 Ill. 358; Haywood v. Collins, 60 Ill. 328; Tugboat E. P. Dorr v. Waldron, 62 Ill. 221; American T. & S. Bank v. Pack, 70 Ill. App. 177.

Where a definite period is to be computed after an act or event, the time so designated is the whole of the day on which the event occurs and that day is excluded. Cummins v. Holmes, 11 Ill. App. 158; Protection Life Ins. Co. v. Palmer, 81 Ill. 88; Ewing v. Bailey, 4 Scam. 420; Roan v. Rohrer, 72 Ill. 582; Kuhn v. Brownfield, 11 L. R. A. 701, note; Pugh v. Reat, 107 Ill. 440.

GLASS & BOTTENBERG, attorneys for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

On July 21, 1902, Ethel K. Logsdon instituted suit in attachment in the County Court of Schuyler County against Schuyler C. Logsdon, by filing her affidavit averring his non-residence. A writ of attachment was issued out of said court on the same day, returnable to the August term, 1902, beginning on the 11th day of August, and was executed by the sheriff on July 22d, by levy on real estate, and service on Jacob Logsdon and Perry Logsdon, as garnishees. There was no personal service on Schuyler C. Logsdon and no appearance by him. On August 12, 1902, there was filed the certificate of publication of notice to non-resident defendant in attachment, as required by statute, certifying the date of the last paper containing such

notice to have been August 4, 1902. Defendant in error having filed her declaration and interrogatories to garnishees, judgment was rendered by default in her favor and against Schuyler C. Logsdon on August 14, 1902, for $305.30 damages and costs. This writ of error is prosecuted by Schuyler C. Logsdon, defendant in attachment, who urges two grounds for reversal of the judgment below: first, that the judgment by default against him was prematurely rendered, and second, that the judgment as rendered is a personal judgment against him.

Section 23 of the attachment act provides: "No default or proceeding shall be taken against any defendant not served with summons, until the expiration of ten days after the last publication as aforesaid." It is insisted that as the last publication was on August 4th, and the judgment was rendered August 14th, ten days had not expired, within the meaning of the section quoted. This contention can not be maintained. Provisions of the statute requiring a certain number of days to "intervene" or "elapse" before authority is conferred, have been uniformly held to be complied with by a publication or posting of notice, in which the date of first publication or posting was excluded, and the day of the last publication, or performance of the act, was included. Vairin v. Edmonson, 5 Gilm. 270; Brown v. City of Chicago, 117 Ill. 21; C., B. & Q. R. R. Co. v. Evans, 39 Ill. App. 261; Forsyth v. Warren, 62 Ill. 68.

We can see no distinction to be drawn between the word "expiration" and the word "elapse" or "intervene," requiring a different construction, and hold that the judgment against plaintiff in error by default was not prematurely rendered.

The second contention of plaintiff in error is disposed of, upon the authority of Young v. Campbell, 5 Gilm. 80, where the court says: "The form of the judgment is the same in an attachment suit as in any other, and that, too, whether there be personal service or not; but when there is not such personal service the award should be only of a special execution." The judgment is affirmed.