## J. C. Tustin, Appellant, v. John Taylor and C. P. Brant, Appellees.

1. ATTACHMENT—*sufficiency of record to show freedom from fraud in taking judgment for excessive amount.* No fraud affecting the rights of a subsequent judgment creditor is shown by the record of attachment proceedings resulting in a judgment for the attachment plaintiff in a sum exceeding the amount stated in his attachment affidavit, where it appears that such excess was for indebtedness accruing after the filing of the affidavit for attachment, and that the debtor consented to a remittitur of such excess by the attachment plaintiff.

2. ATTACHMENT—*excessive judgment as void or voidable.* A judgment in attachment proceedings for a sum in excess of the amount stated in the affidavit for attachment, while erroneous and voidable, is not void *ab initio*, no fraud being shown by the record.

3. ATTACHMENT—*remittitur of excess as saving priority of lien of judgment voidable because greater than warranted by affidavit.* Where a judgment is erroneously entered in attachment proceedings for a sum in excess of the amount claimed in

the affidavit of the attachment plaintiff, a remittitur of such excess entered with the consent of the debtor operates as a reduction thereof, preserving a priority of lien as against an execution issued upon a judgment recovered after the institution of the attachment proceedings.

Appeal by plaintiff from the Circuit Court of Hamilton county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

SHAW & HUFFMAN, for appellant.

GEORGE W. HOGAN, JR. and HARRY ANDERSON, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In the drilling of oil wells in Hamilton county, C. W. Gould became indebted to the Peoples National Bank of McLeansboro, Illinois, and also to J. C. Tustin, appellant, and C. P. Brant, appellee. On June 12, 1924, the Peoples National Bank brought suit in assumpsit against Gould in the circuit court of said county and had a writ of attachment in aid issued. On June 30, appellee also brought his suit in assumpsit with attachment in aid. Both these writs of attachment were levied upon certain oil well casing used by Gould in his drilling. On August 18, 1924, appellant obtained judgment by confession against Gould for $2,332. An execution was issued and levied upon the same property attached by appellee and the Peoples National Bank. On the first day of the September term, 1924, the Peoples National Bank took judgment against Gould in the sum of $882.28 and special execution was ordered to issue against the properties attached. On the same day appellee Brant took judgment against Gould for the sum of $2,619 which according to the judgment of the court was subsequent to the judgment of the Peoples National Bank. Ap-

pellee also had special execution issued on his judgment against the property attached. After the entry of appellee's judgment the record states the case "stands continued." Appellee's declaration and his affidavit for attachment in aid thereof were for the sum of $1,476 each or $1,143 less than the amount for which he took judgment. Under the execution issued on the judgment of the Peoples National Bank the sheriff sold the casing levied upon for the sum of $2,100 and paid that judgment in full. In both the attachment suits service was had upon Gould by publication only. After the adjournment of the September term of court, Gould filed his bill for injunction asking that the sheriff be restrained from paying any of the funds derived from the sale of the casing to appellee, alleging in the bill that appellee's judgment was erroneous and void because it was in excess of the amount stated in his affidavit for attachment and his declaration. After the adjournment of that term of court, appellant also filed his bill seeking to enjoin the sheriff from distributing any of the funds derived from the sale of the casing, alleging that appellee's judgment was void because given for a sum in excess of that stated in his declaration and affidavit, and also that it was obtained by fraud against the vested rights of the appellant. Both bills for injunction were addressed to the December term, 1924, of the circuit court of Hamilton county, and preliminary injunctions were issued thereon. On the first day of that term of court, appellee filed a motion for leave to enter a remittitur of his judgment in the sum of $1,143. This motion was granted by the court and appellee's judgment reduced to $1,476 the amount stated in his declaration and affidavit for attachment. Thereupon Gould dismissed his suit for injunction. After a hearing the court dismissed appellant's bill for injunction.

Appellant contends that this judgment of appellee against C. W. Gould is void for two reasons: (1) be-

cause it was obtained by fraud as against appellant, and (2) because it was entered for an amount in excess of the amount stated in appellee's declaration and affidavit.

Appellee was the only witness who testified on the hearing. He stated that $1,476, the amount stated in the declaration and affidavit, was the correct amount due him from Gould at the time the affidavit and declaration were filed; that the additional amount of $1,143 which was included in the judgment was performed by him, at the request of Gould, after the filing of his affidavit and declaration and before the taking of the judgment. He testified that he had been operating his drilling machines for Gould, and that he continued to do so after the attachment writs were served at the request of Gould. The remittitur would appear to have been entered with Gould's consent since immediately upon it being allowed he dismissed his bill for injunction and it is not denied that the sum of $1,476 was justly due appellant. We therefore cannot discover from the record that there was any fraud, upon the part of appellee, which affected the rights of appellant in the obtaining of this judgment against Gould. The question whether the judgment in question was void, because entered for an amount in excess of that stated in the declaration and affidavit of appellee, would seem to depend on the right of appellee to enter the remittitur. We have been referred to no authority holding that under such circumstances as exist here the court has not the right to allow a remittitur, where the question is raised by one not a party to the original judgment. The question is not here raised by Gould, the other party to the judgment, but as above stated he appears to have consented to the remittitur. It is true the writer of the opinion in *Steamboat Clarion v. Moran,* 18 Ill. 501, said, in an attachment case where there was no service by summons or publication and the whole proceeding was erroneous in

speaking of an attempt to cure the error by a remittitur, "This I presume will not cure it." It should also be noted that that case was one between the original parties to the suit. The Appellate Court of the First District in *Cohen v. Smith,* 33 Ill. App. 344, said in speaking of *Steamboat Clarion v. Moran, supra,* "the practice is now more liberal, but it would seem, as amendments are allowed only in furtherance of justice, that to make a remittitur effectual it should affirmatively appear by the record that the real merits as to the residue, after the remittitur, are with the party who has the judgment." In this case it does affirmatively appear by the record that the real merits as to the residue of his judgment are with appellee. In all of the other cases cited by appellant on this question the Supreme Court has only held that between parties to the judgment a judgment in attachment entered for a sum in excess of that stated in the affidavit and declaration is erroneous, and in none of the cases is it held that such a judgment is absolutely void.

In *Palmer v. Riddle,* 180 Ill. 461, where the court was considering the legality of an interest in real estate purchased at a sale under an execution issued on a judgment in attachment for an amount in excess of that stated in the affidavit, it was held that such "judgment although erroneous was not void." Under this authority we are of the opinion that this judgment while erroneous and voidable was not void *ab initio.* This view is supported by the doctrine laid down in *Buckmaster v. Carlin,* 4 Ill. 104, in the following language, "if the jurisdiction attaches, and notice is given, no errors or irregularities which may have been committed during the progress of the cause can render the judgment void." This holding is also supported by *Miller v. Rowan,* 251 Ill. 344, in which the court held, "if the court has jurisdiction it is altogether immaterial when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its

proceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached.''

The court manifestly had jurisdiction to enter appellee's judgment. It was not void and the remittitur entered by consent operated as a reduction thereof. The record does not show any fraud in obtaining the judgment. The decree herein should therefore be affirmed.

*Affirmed.*