J. A. KING, *Plaintiff in Error*, v. E. B. McCONNELL,. *Defendant in Error.*

Giving a note for an existing debt is not a payment of the debt, unless the note is received under an express agreement that it is a payment, or under circumstances from which an agreement may be fairly inferred to regard the note as payment, or unless payment in fact is made.

This case was decided by Division B.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*R. E. Davis,* for Plaintiff in Error;

No appearance for Defendant in Error.

WHITFIELD, C. J.—An action in assumpsit on common counts was brought by McConnell against King in the Circuit Court for Alachua County. The defendant pleaded "never was indebted," and also "that before ac-

tion he satisfied and discharged the plaintiff's claim by payment. At the trial the plaintiff testified that he had loaned the defendant $200.00 in money to be paid on demand and that no part thereof had been paid. On cross-examination the following questions were asked the plaintiff by the defendant: "Did you not after the loan of the said money receive and accept a note made by the defendant to you for the sum of money sued for herein?" "State whether or not you received from the defendant for your loan a note for $200.00 dated January 6, 1908, due July 1st, 1908, and if you endeavored to sell said note?" The first question was objected to by the plaintiff on the grounds that it was "irrelevant and incompetent" and not admissible under the pleas filed."' The second question was objected to as being "irrelevant and incompetent." The objections were sustained and exceptions duly taken. As a witness the defendant was asked to "state whether or not after you borrowed said money sued for you made and executed and delivered a note to the plaintiff dated January 6, 1908, due July 1, 1908, for the amount of money sued for herein?" The plaintiff objected to the question on the ground that it is "incompetent and irrelevant and is not admissible under the plea of payment." The objection was sustained and an exception taken. By direction of the court a verdict for $200.00 in favor of the plaintiff was returned. A motion for new trial was denied and an exception reserved. To a judgment on the verdict a writ of error was taken and the rulings above stated are assigned as errors.

Giving a note for an existing debt is not a payment of the debt, unless the note is received under an express agreement that it is a payment, or under circumstances from which an agreement may be fairly inferred to regard the note as payment, or unless payment in fact is·

made. See May v. Gamble, 14 Fla. 467; Salomon v. Pioneer Co-operative Co., 21 Fla. 374; Frank v. Williams, 36 Fla. 136, 18 South. Rep. 351.

The questions excluded by the court do not indicate that a note was given with an express or implied agreement that it was to be regarded as payment of the debt; and in the absence of a showing that the materiality and relevancy of the questions would be duly made to appear in the course of the trial the court did not err in sustaining the objections made to the questions. The indebtedness was proven without dispute and the affirmative charge was not erroneous.

The judgment is affirmed.

Shackleford and Cockrell, JJ., concur;

Taylor, Hocker and Parkhill, JJ., concur in the opinion.