GEORGE E. BRYANT, *Plaintiff in Error,* v. W. G. WELLES AND J. J. HEARD, *Defendants in Error.*

Opinion Filed April 9, 1913.

Under the statute authorizing a recovery by a parent of damages for mental pain and suffering and for loss of service resulting from the death of a minor child, when such death is caused by the wrongful act, negligence, carelessness or default of "any private association of persons," a parent has a right of action against two individuals who are tenants in common of property which the owners negligently permitted to be and remain in a condition that caused the death of a minor child of such parent.

Writ of error to the Circuit Court for DeSoto County.

Judgment reversed.

SHACKLEFORD, C. J., dissents.

*Macfarlane & Chancey,* for Plaintiff in Error;

*Treadwell & Treadwell,* for Defendants in Error.

WHITFIELD, J.—An action was brought against W. G. Welles and J. J. Heard by George E. Bryant under Section 3147 of the General Statutes to recover damages for the wrongful death of his minor child. The court sustained a demurrer to the amended declaration upon the theory that the statute does not authorize a recovery against tort feasors who are mere tenants in common of the property the dangerous condition of which caused the death of the plaintiff's minor child. As the plaintiff declined to further amend the declaration, judgment was rendered for the defendants, and the plaintiff took writ of error.

It is alleged that the defendants "were the owners as tenants in common of certain vacant and unoccupied buildings;" that a roadway passed the buildings; that timbers of said buildings were unsupported and unfastened; that by reason of the carelessness and negligence of the defendants in allowing said timbers to be unsupported some of the timbers fell upon plaintiff's minor son while he was passing, instantly killing him, thereby causing plaintiff great mental pain and suffering and loss of the services of said minor child.

The statute authorizes a recovery by a parent of damages for mental pain and suffering and loss of service resulting from the death of a minor child when such death is caused by the wrongful act, negligence, carelessness or default of "any private association of persons."

In Davis v. Florida Power Co., 64 Fla. 246, 60 South. Rep. 759, the constitutionality of the statute under which this action is brought was sustained on the theory that the classification, including all corporations and private associations of persons and not including individuals severally, is not an unjust and arbitrary discrimination in the exertion of governmental authority.

The increased capacity for wrong doing and the division of responsibility and burdens and consequent lessening of the care taken, when two or more persons act conjointly is the basis of the statutory regulation in its present form. With this object in view it seems clear that two persons "the owners as tenants in common" of property whose negligent use of the property causes the death of a minor child, constitutes a "private association of persons" within the meaning of the statute which imposes the liability asserted in this action.

The two defendants being tenants in common of the property, which it is alleged the defendants negligently permitted to be and remain in the condition that caused the injury here sought to be redressed, gives to the plaintiff a right of action under the statute, and the demurrer to the declaration was erroneously sustained.

The judgment is reversed and the cause remanded for appropriate proceedings.

TAYLOR, COCKRELL AND HOCKER, J. J., concur.

SHACKLEFORD, C. J., dissents.