W. G. WELLES AND J. J. HEARD, *Plaintiffs in Error,* v. GEORGE E. BRYANT, *Defendant in Error.*

## Opinion Filed October 29, 1914.

1.  It is harmless error to strike a special plea when the evidence in support of the special plea is admitted under the general issue.

2.  The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

Writ of error to Circuit Court for DeSoto County; M. F. Horne, Judge.

Judgment affirmed.

*Treadwell* & *Treadwell,* for Plaintiffs in Error;

*Macfarlane* & *Chancey,* for Defendant in Error.

WHITFIELD, J.—George E. Bryant brought an action under Section 3147, General Statutes of 1906, against W. G. Welles and J. J. Heard to recover damages for mental pain and suffering and loss of services resulting from the death of the plaintiff's four-year-old minor child, alleged

to have been caused by the negligence of the defendants as tenants in common of the property the dangerous condition of which caused the death. The validity of the statute as applicable to the case was sustained on a former writ of error in Bryant v. Welles, 65 Fla. 355, 61 South. Rep. 748. At the trial the plaintiff recovered a judgment for $7,500.00 damages and the defendants took writ of error.

The errors asserted here relate chiefly to the striking of a special plea as being covered by the general issue, to the admission of testimony as to the physical conditions where the fatal injury occurred, to the testimony as to the present earnings of other minors much older than the four-year-old child who was killed and to the amount of the damages allowed. As the testimony upon which the special plea was presented, was permitted under the general issue there was no harm done, even if error was committed in striking the special plea.

No material errors appear in the rulings on testimony as to the physical character of the *locus in quo* since liability appears. Some of the rulings on testimony relative to the probable earnings of the decedent during his minority had he not been killed as alleged, may not be in entire accord with the rules of evidence applicable to the case. The age of the father was not testified to, but he was a witness and his probable age and life expectancy could have been estimated by the jury from his appearance.

As the statute contemplates the exercise by the jury of a wide discretion in the amount of damages awarded for mental pain and suffering, and the court charged that the present worth of the probable damages should be allowed, and as the verdict is not in excess of awards approved by this court in similar cases, and on the particular facts in

evidence does not appear to be palpably excessive, the errors, if any, in rulings on evidence were apparently harmless.

There is nothing to indicate that in making their findings the jury were influenced by prejudice or any other consideration than the evidence.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted. on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent, by reason of illness in his family.