THE CITY OF JACKSONVILLE, *Plaintiff in Error,* v. ROSA BELLE GLOVER, *Defendant in Error.*

Opinion Filed June 7, 1915.

1. Where on the evidence adduced there is room for a difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their

conclusion, in such cases, that should prevail, and not primarily the views of the Judge.

2. Electricity is an invisible force highly dangerous in its use, and those who employ others where electricity or other dangerous agencies are used, should exercise such care for the safety of the employees as is commensurate with the dangers involved and the competency of the employees.

3. The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

4. Where a person is employed in the presence of a known danger, to constitute contributory negligence it must be shown that the person injured voluntarily and unnecessarily exposed himself to the danger.

5. Testimony as to a rule at the defendant's electric plant that when a person is sent to work near a wire charged with electricity the current thereon should be cut off, was properly admitted in view of the allegations as to the defendant's duty to its employees and in consideration of the circumstances of this dangerous employment.

6. Where the duty assigned to an employee involves peculiar and exceedingly great dangers from an invisible force, such as uninsulated wires heavily charged with electricity, testimony is admissible as to such dangers which should have been known to the employer.

7. A directed verdict for the defendant is properly refused when there is ample evidence to sustain a verdict for the plaintiff.

Writ of error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*P. H. Odom* and *I. A. Zacharias,* for Plaintiff in Error;

*Dewell & Triplett* and *J. E. & Julian Hartridge,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows: "Whereas the plaintiff Rosa Belle Glover is the widow of Edward Glover and was on the 11th day of November, A. D. 1912, the lawful wife of the said Edward Glover and was supported and maintained by the labor of the said Edward Glover, who as her husband was her sole and only support, and the plaintiff was then and has been ever since her marriage, supported and maintained by the said Edward Glover; and that whereas on the said 11th day of November, A. D. 1912, the said Edward Glover was employed as a laborer, by the City of Jacksonville, a municipal corporation, under the laws of the State of Florida, at a certain electric plant and power house in Duval County, Florida, owned, maintained, operated and controlled by said City of Jacksonville, and was ordered and sent by defendant to work on the coping around and about the top of the main building of said electric plant of said defendant, and said Edward Glover in compliance with said order of defendant went to and on said coping, to perform said work, and it was the duty of the defendant to use due care to provide and maintain, for the said Edward Glover a safe place to work, suitable warning of the unusual and extraordinary risks and suitable supervision over the work; yet notwithstanding the defendants duty

in that behalf, plaintiff avers that defendant negligently and carelessly disregarded its said duties in that it failed and refused to provide the said Edward Glover a reasonable safe place in which to work, suitable and proper warning of the unusual and extraordinary risks and proper and suitable supervision over said work, for that the said Edward Glover being then and there at a place where he was ordered, sent and required by defendant to work, and that above and about said coping within close proximity, were certain electric wires pertaining to the premises and business of said defendant, and known to the defendant or could have been known by the exercise of reasonable care, that said wires were heavily charged with electricity and were unprotected and unguarded, and that the electric power passing over and through said wires endangered the lives of the persons ordered and sent to work on said coping on said premises, and the plaintiff further says that the defendant knew or could have known by the exercise of ordinary care that if said wires should come in contact with any person working on said coping while charged with electricity it would cause death or great bodily injury. And the plaintiff further says that while the said Edward Glover was attempting to carry out and perform the orders and work of the defendant his hand and head came in contact with the said wires which were charged with electricity, the fact that the said wires were so charged was unknown to the said Edward Glover, whereby the said Edward Glover received an electric shock and was held fast to said wires until the current of electricity passing over and through said wires was cut off, that then the body of said Edward Glover was caused to fall from said coping to the earth below, a distance of forty-five (45) feet more or less, that from the effects of said electric shock and

said fall said Edward Glover died. And the plaintiff says that by reason of the negligence of the defendant in disregarding its duties owed to said Edward Glover and by reason of negligence and carelessness of the defendant in allowing, permitting, ordering and sending her said husband to work in an unsafe, dangerous and hazardous place without warning him of the unusual, extraordinary risk and dangers and without providing suitable and proper supervision over said work, her said husband was killed and she was and is deprived of the protection and support of her said husband, and the maintenance of herself has been cast upon her to the great damage and loss of the plaintiff in the sum of twenty-five thousand ($25,000.00) dollars. Wherefore the plaintiff brings this her suit and claims twenty-five thousand ($25,000.00) dollars."

Pleas of the defendant were filed as follows:

"1. That it is not guilty.

2. That the deceased, Edward Glover, was guilty of contributory negligence in this, that the deceased failed to walk on said coping carefully and cautiously, by reason of which said failure the deceased lost his balance and to prevent his falling, deceased grasping an electric wire, knowing the same to be charged with electricity and dangerous.

3. That the deceased, Edward Glover, was guilty of contributory negligence in this, that the deceased failed to exercise care and caution in walking on said coping, whereby the deceased lost his balance, and by reason of so losing his balance, the head of deceased came in contact with a wire charged with electricity, which the deceased

knew was charged with electricity and knew was highly dangerous.

4. That the deceased was guilty of contributory negligence in this, that the height of the coping from the ground and the width thereof were open and obvious to ordinary observation, and the deceased in the exercise of ordinary care must have known same, yet the deceased carelessly and without regard for his own safety did not walk carefully on said coping, whereby the deceased lost his balance and grasped an electric wire charged with current, for the purpose of preserving his balance.

5. That the danger of injury from falling from said coping was open and obvious and the deceased was familiar therewith, and the deceased assumed the risk of injury arising from his losing his balance on said coping.

6. That the injury to the deceased was purely accidental and unavoidable and not due to any negligence on the part of this defendant, for the reason that the deceased lost his balance while walking on said coping and without any fault on the part of this defendant and by losing his balance deceased came to his death.

7. That the deceased had been warned that said wires were charged with electricity and that it was highly dangerous to touch said wires.

8. That the deceased had been especially cautioned not to touch any of said wires.

9. That the deceased assumed the risk of injury arising from touching said electric wires, for the reason that the danger therefrom was open and obvious, and the

deceased well knew the danger and risk attendant upon touching such wires charged with electricity.

10. That the deceased assumed the risk of injury from touching said wires in this, that the deceased in the exercise of ordinary care and prudence ought to have known that the said wires were charged with electricity and that danger menaced one who touched them.

11. That the deceased assumed the risk of injury from coming in contact with said wires charged with electricity in this, that the deceased had been specially warned and cautioned that the said wires were charged with electricity and were highly dangerous to one coming in contact therewith.

12. That the deceased was familiar with the operation of said electric plant and the uses and purposes of said wires, and knew that the same were charged with electricity, and that it was dangerous for a person to come in contact with wires so charged with electricity."

The plaintiff was awarded a judgment for $8,944.32 as damages, and the defendant took writ of error. On assignments of error it is contended here that the trial court erred in admitting stated testimony; in refusing to direct a verdict for the defendant; and in denying a new trial.

Where on the evidence adduced there is room for a difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that

should prevail, and not primarily the views of the judge. See Kreigh v. Westinghouse, &c., 214 U. S. 249.

Electricity is an invisible force highly dangerous in its use, and those who employ others where electricity or other dangerous agencies are used, should exercise such care for the safety of the employees as is commensurate with the dangers involved and the competency of the employees. Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562.

It appears that the deceased and another laborer were directed by their superior to move ladder hooks that were resting on the coping at the top of a building that was a part of the electric plant of the city. In doing this the deceased came in contact with uninsulated wires that were heavily charged with electricity, they being about five feet above the coping; and when the power was cut off the victim fell to the ground about forty-five feet below

and soon died.   When the two men were directed to go up and move the ladder hooks they were told to be careful.

When a person is employed in the presence of a known danger, to constitute contributory negligence it must be shown that the person injured voluntarily and unnecessarily exposed himself to the danger.   Clements v. Louisiana Electric Light Co., 44 La. Ann. 692, 11 South. Rep. 51.

While the evidence indicates that the deceased must have known there was danger in coming in contact with the wires, it does not appear that he fully appreciated the risks that were necessarily incident to the moving of the ladder hooks on the coping of the roof where uninsulated wires charged with 6600 voltage of electricity were stretched not more than five feet above the coping at or near the place where the decedent had to pass in discharging the duty assigned to him; and there is nothing to indicate that the deceased voluntarily or unnecessarily exposed himself to the danger.   In view of the peculiar dangers of the place to which the deceased was sent to work, there was no such assumption of risk on his part that will bar a recovery in this case.   A duty rested upon the defendant to make the place where the employee was to work reasonably safe; and such duty was manifestly not observed under the circumstances shown.   The result is that actionable negligence is shown, and not contributory negligence appears.   Clements v. Louisiana Electric Light Co., *supra.*   Other questions presented being matters of procedure are not material since if errors were committed therein no harm could reasonably have resulted therefrom to the plaintiff in error.

Testimony as to a rule at the defendant's electric plant that when a person is sent to work near a wire charged

with electricity the current thereon should be cut off, was properly admitted in view of the allegations as to the defendant's duty to its employees and in consideration of the circumstances of this dangerous employment.

For like reasons there was no error in admitting testimony as to the dangers of the discharge of static current from the uninsulated wires heavily charged with electricity. The duty assigned to the deceased involved peculiar and exceedingly great dangers from an invisible force, and testimony as to such dangers which should have been known to the defendant employer is admissible.

There is no material variance between the declaration and the proofs as to the means by which the fatal injury was inflicted. It is clearly shown, that the head of the deceased came in contact with the live wire or that electricity from the wire reached the decedent, while engaged in the work assigned to him, and it is not material whether his hands touched the wire. The contact as made manifestly caused the death. A directed verdict for the defendant was properly refused since there is ample substantial evidence to sustain a verdict for the plaintiff. The damages awarded are not patently excessive.

A careful examination of the record discloses no reversible error therein, therefore the judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.