OUR HOME LIFE INSURANCE COMPANY, *Plaintiff in Error*, v. JAMES ANN PEACOCK, *Defendant in Error*.

Opinion filed January 22, 1916.

1. The giving of a note is *prima facie* not a payment, but merely an extension of time for the payment till the note matures.

2. Where a policy of life insurance is issued and a note is given for the first premium which note is not paid at maturity, but the insured after the note was due and unpaid refused to pay it, and unconditionally stated that he did not intend to pay the note or in anywise comply with the contract of insurance and stated that he will not take the policy or pay the note or be bound by the same, and it is then agreed between the insurance company and the maker of the note that the contract of insurance together with the note shall stand discharged, and the maker of the note dies without making any payment, the beneficiary, being the wife of the maker of the note, cannot recover on the policy in view of its conditions.

Writ of Error to Circuit Court, Jackson County; J. Emmet Wolfe, Judge.

Judgment reversed.

*Paul Carter,* for Plaintiff in Error;

*C. L. Wilson,* for Defendant in Error.

PER CURIAM.—James Ann Peacock obtained a judgment on an insurance policy issued on the life of her husband, William Lewis Peacock, deceased, and the defendant company took writ of error. One of the pleas to which a demurrer was sustained is as follows: "That the policy of insurance sued upon was issued by this defendant, to the said William Lewis Peacock, on the 9th day of January, A. D. 1913, in consideration of an annual premium of one hundred seventy-five and 05-100 dollars, to be paid this defendant on the 15th day of October, A. D. 1913. That the said William Lewis Peacock executed and delivered to this defendant his promissory note due October the 15th, 1913, for the said policy. That when the said note became due, and afterwards on Nov. 5, 1914, this defendant duly requested payment of same from the said William Lewis Peacock, and thereupon the said William Lewis Peacock refused to pay the said note, and unconditionally stated and declared he did not intend to pay said note, or in anywise comply with said contract and averred that he would not take the said policy of insurance or pay the said note or be bound by the same.

"And it was then and there agreed between this defendant and the said William Lewis Peacock that the said contract of insurance together with the said note given therefor then and there stand discharged. Wherefore defendant says the said William Lewis Peacock, in his life time renounced the said contract and this defendant became thereby discharged."

The policy contained the following provision: "This policy shall not take effect unless the annual or other authorized premium thereon is paid to the company, or an authorized agent of the company, in the lifetime and good health of the insured."

If the facts averred in the quoted plea are true, such facts taken in connection with the quoted provision of the policy, constitute a defense to the action. The giving of the note for the premium was prima facie not a payment of the premium, but merely an extension of time for the payment till the maturity of the note. Herman v. Williams, 36 Fla. 136, 18 South. Rep. 351; McDonald v. Providence Savings Life Assurance Society, 108 Wis. 213, 84 N. W. Rep. 154; King v. McConnell, 57 Fla. 77.

The receipt of the premium was not acknowledged in the policy. It was not in fact paid. A subsequent mutual agreement that the "contract of insurance" and "the note given therefor" shall "stand discharged," is not required to be in writing. The interest of the beneficiary was dependent upon the payment of premiums, and on failure of such payment the policy may be avoided by the insurer. The avoidance by stipulation after failure to pay the premium was not illegal. Surrender of the note by the insurer and of the policy by the insured was not essential to a valid avoidance of the policy and the note after failure and refusal to pay the premium note.

The judgment is reversed.

All concur, except COCKRELL, J., absent by reason of sickness.