JAMES ANN PEACOCK, *Plaintiff in Error*, v. OUR HOME LIFE INSURANCE COMPANY, A CORPORATION, *Defendant in Error.*

## Opinion Filed June 9, 1917.

1. All points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for adjudication.

2. A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided.

3. The giving of a note is prima facie not a payment, but merely an extension of time for the payment till the note matures.

4. Where a policy of life insurance is issued and a note is given for the first premium which note is not paid at maturity, but the insured after the note was due and unpaid refused to pay it, and unconditionally stated that he did not intend to pay the note or in anywise comply with the contract of insurance and stated that he will not take the policy or pay the note or be bound by the same, and it is then agreed between the insurance company and the maker of the note that the contract of insurance together with the note shall stand discharged. and the maker of the note dies without making any payment,

the beneficiary, being the wife of the maker of the note, cannot recover on the policy in view of its conditions.

5. The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

Writ of Error to Circuit Court for Jackson County; E. C. Love, Judge.

Judgment affirmed.

*James H. Finch* and *John H. Carter,* for Plaintiff in Error;

*Chas. S. Adams, Morgan Jones* and *Wm. B. Farley,* for Defendant in Error.

SHACKLEFORD, J.—This case comes here for the second time. For the opinion rendered on the former writ of error see Our Home Life Insurance Company v. Peacock, 71 Fla. 35, 70 South. Rep. 775. As stated therein, James Ann Peacock brought an action against Our Home Life Insurance Company upon an insurance policy issued on the life of her husband, William Lewis Peacock, deceased, and recovered judgment, which was reversed by this court on the ground that the trial court erred in sus-

taining a demurrer to the fourth amended plea.   Upon
the former writ of error, the case was presented on the
pleadings, as, upon the sustaining of such demurrer, the
defendant refused to plead over, in consequence whereof
judgment was rendered against the defendant.   Upon
the going down of the mandate from this court, the origi-
nal · declaration stood unchanged, as did the fourth
amended plea.   There is no occasion to copy the decla-
ration, but for the purpose of rendering this opinion the
more readily intelligible we again set forth the fourth
amended plea, which is as follows:   "That the policy of
insurance sued upon was issued by this defendant to the
said William Lewis Peacock, on the 9th day of January,
A. D. 1913, in consideration of an annual premium of one
hundred seventy-five and 05/100 Dollars, to be paid this
defendant on the 15th day of October, A. D. 1913.   That
the said William Lewis Peacock executed and delivered to
this defendant his promissory note due October the 15th,
1913, for the said policy.   That when the said note be-
came due, and afterwards on Nov. 5, 1913, this defendant
duly requested payment of same from the said William
Lewis Peacock, and thereupon the said William Lewis
Peacock refused to pay the said note, and unconditionally
stated and declared he did not intend to pay said note, or
in anywise comply with said contract and averred that he
would not take the said policy of insurance or pay the
said note or be bound by the same.

"And it was then and there agreed between this de-
fendant and the said William Lewis Peacock that the said
contract of insurance together with the said note given
therefor then and there stand discharged.   Wherefore
defendant says the said William Lewis Peacock, in his
lifetime renounced the said contract and this defendant
became thereby discharged."

The defendant also filed a further plea, which is as follows:

"Now comes the defendant and for further plea to the plaintiff's declaration says, The policy of insurance sued on contains a stipulation that it should not take effect unless the annual or authorized premium thereon is paid to the company, or an authorized agent of the company in the lifetime and good health of the insured.

"That the said W. L. Peacock agreed to pay the said annual premium, but wholly failed the same to do, and afterwards, about the 13th day of December, 1913, died. That in truth and in fact, the said William Lewis Peacock did not in his lifetime and good health pay the annual premium provided for in said policy of insurance, to-wit: the sum of $175.05, but on the contrary after obtaining possession of said policy, refused to pay said annual premium and declared his intention not to pay same.

"Wherefore, defendant says that under the said stipulation the said policy sued on did not take effect."

The plaintiff joined issue upon each of the foregoing pleas, and also filed the following replication to such fourth plea:

"Now comes the plaintiff, by James H. Finch and John H. Carter, her attorneys, and for replication to the fourth plea of the defendant, says:

"1:  The plaintiff admits that the said policy of insurance sued on was issued on January 9th, 1913, and was about January 9th, 1913, delivered by defendant to the said William Lewis Peacock, insured; the plaintiff further admits that at the time of the issuance and delivery of said policy by the defendant, the said William Lewis Peacock, the insured, executed and delivered to the defendant his certain promissory note, payable to the defendant, or order, for the sum of $175.05, due on or about October

15th, 1913, but the plaintiff alleges that the said promissory note was accepted by the defendant as payment of the first year's premium on said policy of insurance, and that said note was executed and delivered and so accepted by the defendant, on or about the 9th day of January, 1913, during the lifetime and good health of the insured; and the alleged agreement of cancellation or discharge of said policy was not made with the knowledge or consent of the beneficiary therein.

"2: Plaintiff admits that the said policy of insurance sued on was issued on January 9th, 1913, and was on or about January 9th, 1913, delivered by the defendant to William Lewis Peacock, the insured; the plaintiff further admits that on or about the 9th day of January, 1913, the said William Lewis Peacock executed and delivered to the defendant his certain promissory note, payable to the order of the defendant, for the sum of $175.05, or thereabouts, due on October 15th, 1913, or thereabouts, but the plaintiff avers that the said promissory note was by the said William Lewis Peacock delivered to the defendant and by the defendant accepted from said William Lewis Peacock as payment of the first year's premium on said policy of insurance, and that the defendant, then and there, on January 9th, 1913, executed and delivered to the said William Lewis Peacock its receipt for the said sum of $175.05 in payment of the first year's premium on said policy. That note was accepted by the defendant and the said receipt issued by it to said insured in the lifetime and good health of the insured, William Lewis Peacock; and that the alleged agreement of cancellation or discharge of said policy was not made with the knowledge or consent of the beneficiary.

"3: Plaintiff admits that the said policy of insurance sued on was issued on January 9th, 1913, and was by de-

fendant on January 9th, 1913, delivered to the insured, William Lewis Peacock; the plaintiff further admits that at the time of the issuance of said policy and of its delivery to the insured by defendant, the said William Lewis Peacock, the insured, executed and delivered to the defendant his certain promissory note, payable to the order of the defendant, for the sum of $175.05, or thereabouts, and that said note matured on or about the 15th day of October, 1913; but the plaintiff avers that the said note was by the insured delivered to defendant and by the defendant accepted from the insured; under an understanding and agreement that the said note should be and constitute payment of the first year's premium on said policy of insurance, and that the defendant then and there executed and delivered to the insured its receipt of the sum of $175.05 for the first year's premium on said policy. That said note was delivered by insured and accepted by the defendant during the lifetime and good health of the said William Lewis Peacock; and that the alleged agreement of cancellation or discharge of said policy was not made with the knowledge or consent of the beneficiary therein."

After having unsuccessfully interposed a motion to strike such replication and also a demurrer thereto, the defendant filed the following rejoinder:

"Now comes the defendant by its attorneys, and for rejoinder to the replications of the plaintiff to the fourth plea of the defendant, says:

"As to the replication marked No. 1:

"1: That it joins issue on said replication.

"As to the replication numbered 2, defendant says:

"1. That it joins issue thereon.

"As to replication numbered 3 defendant says:

"1. That it joins issue thereon."

Upon the issues so framed by the pleadings the case was submitted to a jury for determination, which trial resulted in a verdict in favor of the defendant, upon which a judgment was duly rendered and entered, which judgment the plaintiff has brought here for review and has assigned five errors. ·

Undoubtedly, under repeated rulings by this court, our holding upon the former writ of error has become the law of the case, in so far as the same is applicable. See Phifer v. Abbott, 73 Fla. 402, 74 South. Rep. 488, wherein, following prior decisions of this court, we held:

"All points adjudicated by an appellate court upon writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for adjudication.

"A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided."

Upon the former writ of error in this case, we held as follows:

"The giving of a note is *prima facie* not a payment, but merely an extension of time for the payment till the note matures.

"Where a policy of life insurance is issued and a note is given for the first premium which note is not paid at maturity, but the insured after the note was due and unpaid refused to pay it, and unconditionally stated that he did not intend to pay the note or in anywise comply with the contract of insurance and stated that he will not take the policy or pay the note or be bound by the same, and

it is then agreed between the insurance company and the maker of the note that the contract of insurance together with the note shall stand discharged, and the maker of the note dies without making any payment, the benefi-. ciary, being the wife of the maker of the note, cannot recover on the policy in view of its conditions." We also said in the opinion that, if the facts averred in the amended fourth plea, which we have copied above, were true, such facts taken in connection with the quoted provision of the policy constitute a defense to the action.

The different errors assigned are practically all embraced in the motion for a new trial, which consists of 14 grounds. We see no occasion to set forth these grounds in detail. Suffice it to say that they question the sufficiency of the evidence to support the verdict and also contend that it is contrary to law; they challenge the correctness of certain rulings of the trial court in the admission and exclusion of evidence and the giving and refusing of certain specified charges and instructions. We have carefully read the transcript of the record and the briefs of the respective counsel, from whom we also had the benefit of oral argument. It seems to us that the verdict rendered was in accordance with the principles of law and justice. Evidently both the jury and the trial judge, who concurred in the verdict by refusing to disturb it, were of the opinion that the material averments in the pleas had been proven, and we find ourselves constrained to concur in this conclusion. This being true, the principle of the law of the case governs. We see no useful purpose to be accomplished by discussing in detail the assignments of error. As we held in Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562, "The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or re-

jection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding."

The judgment will be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.