694        SUPREME COURT OF FLORIDA.

CITY OF ST. PETERSBURG, *Plaintiff in Error*, v. ORA MABEL
    JAECK, *Defendant in Error*.

Opinion Filed May 4, 1920.

Where the pleadings establish the rights of an adoptive parent
    to be "the same rights as if she had been a natural parent,"
    a recovery of damages by such adoptive parent under the
    statute for the wrongful death of a minor adopted child is
    permissible.

A Writ of Error to the Circuit Court for Pinellas Coun-
ty; O. K. Reaves, Judge.

Judgment affirmed.

*Bayard S. Cook, Freeman P. Lane* and *C. J. Maurer,* for
Plaintiff in Error;

*Howard P. Macfarlane, N. B. K. Pettingill* and *Hugh
C. Macfarlane,* for Defendant in Error.

WHITFIELD, J.—The declaration herein alleges that the
plaintiff, Ora Mabel Jaeck, "adopted in the City of Ham-
ilton, Ontario, Canada, a female child, Areta Ora Ma-
bel Jaeck, at that time of the age of about two years, the
natural parents of said child being dead; that said adop-
tion was in all respects in accordance with the laws of
the Dominion of Canada, to which laws the child was
subject, and gave the said adopted parents the same rights
as if she had been a natural parent; that the said minor
child had no adopted father, and that the said plaintiff
is the sole legal representative of said minor child; that
the said plaintiff and her infant child, Areta Ora Mabel
Jaeck, were residents of the City of St. Petersburg" on

May 12, 1913; that on said date there existed in said city on the south side of a public street therein, "namely, First Avenue North, between Third and Fourth Streets North, an excavation of great size and depth, to-wit, about six (6) feet square, and about five (5) feet deep; that that portion of First Avenue North lying between Third and Fourth Streets North is within the coporate limits of the City of St. Petersburg; that said excavation had existed for a long period of time prior to the said thirteenth day of May, A. D. 1913, to-wit, three or four weeks, and that the City of St. Petersburg, through its proper officers, knew, or by the exercise of reasonable diligence should have known, of the existence of said excavation; that on the thirteenth day of May, A. D. 1913, said excavation was open, unprotected and unguarded, and had remained open, unprotected and unguarded for a long period of time prior thereto, to-wit, three or four weeks; that the presence of said excavation in said public street in an unguarded condition rendered said public street unsafe for public use; that the said excavation was used for the purpose of slaking lime, and had been so used for a long period of time prior to the thirteenth day of May, A. D. 1913, to-wit: three or four weeks; that the City of St. Petersburg, through its proper officers, knew, or by the use of reasonable diligence should have known, of said use of said excavation; that on the thirteenth day of May, A. D. 1913, the said excavation contained a large quantity of freshly slaked lime covering the bottom of said excavation to a great depth, to-wit, to the depth of about eighteen inches; that between the hours of four and five P. M., on the said thirteenth day of May, A. D. 1913, the said Areta Ora Mabel Jaeck, infant child of the said plaintiff, aged about three years, being in a lawful manner on the South side of said public street,

fell into said excavation so negligently dug and so negligently left open, unprotected and unguarded into the freshly slaked lime contained in said excavation, and was so badly burned on the legs and body by said freshly slaked lime that as a result of said burns so negligently inflicted the said infant child died on the fifteenth day of May, A. D. 1913, in the Augusta Memorial Hospital, in the City of St. Petersburg; that the plaintiff has been deprived of the services of said minor child, Areta Ora Mabel Jaeck, as a result of the negligence of the said defendant; and that the said plaintiff has suffered great mental pain and anguish as a result of the death of said minor child so negligently caused; that the said plaintiff has been prostrated with grief and that her health has been ruined as a result of the negligence of the said defendant; wherefore the said plaintiff has sustained damages as a result of the negligence of the said defendant in the sum of Fifteen Thousand Dollars ($15,-000.00)."

A second count alleges that the child fell into the excavation which was negligently existing and left unguarded and was injured by the freshly slaked lime therein. A demurrer to the declaration was overruled and pleas of not guilty and of contributory negligence were filed. A verdict and judgment for $5,000.00 were rendered and the defendant took writ of error.

The statutes contain the following:

"Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee, or by the wrongful act, negligence, carelessness or default of any corporation, or by

the wrongful act, negligence, carelessness or default of any officer, agent or employee of any corporation acting in his capacity as such officer, agent or employee, the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain an action against such individual, private association of persons or corporation, and may recover not only for the loss of service of such minor child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess." Sec. 3147, Gen. Stats., 1906, Compiled Laws, 1914.

Rule 71 of the Circuit Court Rules in Law Actions, provides that: "In actions for *torts,* the plea of Not Guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration."

The declaration alleges that the plaintiff "adopted in the City of Hamilton, Ontario, Canada," the deceased minor child and "that said adoption was in all respects in accordance with the laws of the Dominion of Canada, to which laws the said child was subject, and gave the said adopted parent the same rights as if she had been a natural parent," "the natural parents of said child being dead;" and "that the said minor child had no adopted father." These allegations of ultimate facts, being admitted, are sufficient on demurrer to show a right of action under the statute, and as they are not controverted by a plea, a recovery of appropriate damages under the statute is proper upon sufficient proofs under the gen-

eral issue which operates "as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant," if no contributory negligence appears to bar recovery. See Jacksonville Electric Co. v. Sloan, .52 Fla. 257, 42 South. Rep. 516; Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437.

If as alleged and not denied the plaintiff has under the law of Canada "the same rights as if she had been a natural parent," and such rights are not contrary to the policy of the laws of this State, (See Sec. 2005, Gen. Stats., 1906), the rights thus in effect admitted to exist gave to the plaintiff a right of action under the statute to recover as parent "for the loss of services of such minor child," and "for the mental pain and suffering of the parent," caused by the wrongful death of the minor child. The statute gives the right of action to "the father" or to "the mother" to recover as "parents;" and as the plaintiff below is conceded to have "the same rights as if she had been a natural parent," her right of action under the statute is apparent from the pleadings.

A fatal injury within the allegations of the declaration is shown, and contributory negligence on the part of the plaintiff in permitting the child to go to the place of danger does not clearly appear.

No material errors of procedure are disclosed by the record, and the damages awarded are not manifestly excessive. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562; City of Jacksonville v. Glover, 69 Fla. 701, 69 South. Rep. 20.

Judgment affirmed.

BROWN, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.