PINELLAS ICE & COLD STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40636.   Promulgated November 24, 1930.

*E. C. Lake, Esq.*, and *A. L. Hopkins, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

# 430

OPINION.

TRAMMELL: It is the contention of the petitioner that the transaction here involved comes within the reorganization provisions of the Revenue Act of 1926 and that, the proceeds of the sale or transfer having been distributed pursuant to a plan of reorganization, there was no taxable gain.

The pertinent provisions of the statute are:

SEC. 203. (a)  Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

and the following subdivisions of section 203: (b) (3); (d) (1); (e) (1) and (2); (f); (g); and (h) (1) and (2).

Section 203 (a) provides that when there is a sale or exchange of property the entire amount of the gain or loss shall be recognized, with certain exceptions mentioned in the other subdivisions of that section. The question for decision is whether the transaction here comes within any of those exceptions.

Generally, upon the sale or exchange of property taxable gain or loss is recognized. This is true unless the transaction comes within an exception contained in the statute. So far as the provisions of the statute pertinent here are concerned, section 203 (b) (3) and 203 (e), the exception relates to exchanges and not to sales. Section 203 (b) (3) provides that no gain or loss shall be recognized if a corporation a party to a reorganization *exchanges* property, under the circumstances therein provided, and section 203 (e) provides that if an exchange would be within the provision of paragraph (3) subdivision (b) if it were not for the fact that money or other property were included in the transaction as a consideration. In other words, in order to come within the exception to the general provisions contained in section 203 (e) there must in the first place clearly be an exchange. This essential requirement must be met in any event, regardless of whether otherwise there might be a reorganization within the meaning of the statute or whether the other provisions of the statute have been met. We think it is clear that if property is sold the transaction would not come within the exchange provisions. A sale does not come within either the words or the reason of section 203 (b) (3) or 203 (e). There is a clear legal distinction between a sale and an exchange, and section 203 (b) (3) and 203 (e) relate only to *exchanges*, and not to *sales*.

The United States Supreme Court has laid down a rule long recognized and well established in law as to what constitutes a sale. That court in the case of *Williamson* v. *Berry*, 8 How. 495, 543, stated as follows:

\* \* \* We remark that *sale* is a word of precise legal import, both at law and in equity. It means at all times, a contract between parties, to give and to pass rights of property for money,—which the buyer pays or promises to pay to the seller for the thing bought. Noy's Max., ch. 42; Shep. Touch., 244.

Congress should be presumed to have had a knowledge of the law as laid down by the Supreme Court and long recognized as to what constitutes a sale, and we must assume that the language used in section 203 was used with that import, especially since the section of the statute involved used both the words "sale" and "exchange" and did not include sales in the exceptions.

Here the transaction was a sale for money. The consideration was to be paid only in money. A portion of the consideration was to be paid in cash and the balance to be paid in the future in money. This to our mind constitutes a real sale of assets rather than an exchange as provided in section 203 (b) (3), 203 (e), or 203 (e) (1).

The notes, although secured by a mortgage, were merely evidences of the payments to be made in the future. It is well recognized that,

even in the absence of a definite agreement, promissory notes are not to be considered as payments, but merely as evidences of agreement to pay in the future. But in this case we have not only the presumption of law, but the actual agreement of the parties, that the deferred payments were evidenced by notes. *Lyman* v. *United States Bank*, 12 How. 225; *Peter* v. *Beverly*, 10 Pet. 532; *United States Bank* v. *Daniel*, 12 Pet. 32; *King* v. *McConnell*, 57 Fla. 77; 49 So. 539; *Our Home Life Ins. Co.* v. *Peacock*, 71 Fla. 35; 70 So. 775; *Peacock* v. *Our Home Life Ins. Co.*, 73 Fla. 1207; 75 So. 799.

It may well be true that promissory notes secured by the property to be acquired in the transaction may be considered as securities, but the other provisions in the statute must first be met; in other words, there must be an exchange, and when we consider the import to be given to that word, it must necessarily limit the word " securities " as well. When we consider that the statute makes no exception from the general rule as to the taxation of gain derived from sales, but only makes exception as to exchanges in section 203 (b) (3) and 203 (e), we think that the word " securities " does not mean promises of purchase price payments to be made in the future evidenced by notes, although secured by mortgages. The statute clearly contemplated something else than purchase price obligations in these provisions of the statute.

There is no exception to the general rule of taxation where a corporation, although a party to a reorganization, sells its property for money paid in cash or to be paid in cash, although the deferred payments are evidenced by purchase price promissory notes secured by mortgages. Even if we should hold that there was a reorganization in every sense of the word, the petitioner has not brought itself within the exceptions contained in the statute. Considering for the sake of argument that there was a reorganization and that the petitioner involved here was a party to that reorganization, still the petitioner did not exchange property as provided in section 203 (b) (3) or 203 (e). The petitioner simply sold its property for money paid in cash or to be paid in cash.

In view of the foregoing, the transaction not being an exchange, it is unnecessary for us here to discuss or to decide whether there was a reorganization, whether the petitioner here was a party to the reorganization, or whether the petitioner made a distribution in pursuance to a plan of reorganization.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*