STANFORD FRUIT GROWERS, INC., a Florida corporation, v. WILLIE LEE FRAZIER.

27 So. (2nd) 906
November 19, 1946
Rehearing denied December 10, 1946

June Term, 1946
En Banc

*W. Wallace Shafer,* for appellant.

*E. R. Baker,* for appellee.

CHAPMAN, C. J.:

The record in this case discloses that Will Frazier, on February 22, 1945, was run over and killed by a truck of the Stanford Fruit Growers, Inc., then being operated on the public highway. The deceased at the time was traveling the highway on a bicycle from his home to the place of his employment, about two miles distant. He was employed at the time of his death as a caretaker for the appellant. It was his custom in traveling from his home to his place of employment to ride a bicycle supplied him by his employer. On the day of his death he was riding (in the early morning) on the right hand side of the paved highway with a flash light burning or shining on the front, while the rear of the bicycle was equipped with a reflector. The exact width of the pavement at the point of the collision is not shown. The trial resulted in a verdict and judgment in the sum of $7,500.00 for Willie Lee Frazier, the wife of the deceased.

Plaintiff's declaration charged negligence in three separate counts and under defendant's plea of not guilty the issues so made were submitted to a jury upon the testimony of three witnesses for the plaintiff. The defendant below offered no testimony during the progress of the trial. The trial court overruled defendant's motion for a directed verdict on various grounds and subsequently entered an order overruling a motion for a new trial. On appeal here it is contended that the judgment of the lower court should be reversed because (1) there is no evidence in the record establishing the age of the plaintiff, Willie Lee Frazier, and her life expectancy; and (2) alleged erroneous charges or instructions to the jury by the trial court.

Counsel for appellant contends that the verdict and judgment cannot be sustained because the plaintiff below failed to

establish her age or her life expectancy and that these elements, with many others, are absolutely essential to recovery which should be based on the probable joint lives of the widow and husband. Three of our early cases are cited and are viz: Duval v. Hunt, 34 Fla. 85, 15 So. 876; Florida, Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, 79 Am. St. Rep. 149; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 So. 367. The cited cases have been reaffirmed by us in Dina v. Seaboard Air Line R. Co., 90 Fla. 558, 106 So. 416.

It is quite true that the exact age of the plaintiff, Willie Lee Frazier, does not appear in the transcript, but we do observe that the deceased was 52 years of age when killed and his life expectancy was 18.09 years. That the plaintiff and the deceased were married in 1937 and had lived together as husband and wife from date of marriage until his death. They had bought, after marriage, a small home situated a distance of about two miles from where the deceased had been employed for approximately eight years. That while no children had been born to the marriage, the plaintiff, Willie Lee Frazier, then had a grown daughter by a prior marriage. The jury saw the plaintiff when she appeared as a witness in the cause and were in a position to estimate her age and to satisfy themselves of her then approximate age and to make other reasonable deductions from what they heard and observed during the trial in the court below. It is our conclusion that the verdict is fully sustained by our holding in Dina v. Seaboard Air Line R. Co., supra.

The contention that erroneous instructions were given to the jury by the trial court is not sustained by the record.

Affirmed.

TERRELL, BROWN and ADAMS, JJ., and BARNS, Circuit Judge, concur.

BUFORD and THOMAS, JJ., dissenting.

THOMAS J., dissenting:

I dissent because of my opinion that the plaintiff failed to establish negligence by a preponderance of evidence.

BUFORD, J., concurs.

BROWN, J., concurring:

In the case of Welles v. Bryant, 68 Fla. 113, 66 So. 562, we were reviewing a judgment wherein a father had recovered damages resulting from the death of his four year old child which was caused by the negligence of the defendants. In that case this court, among other things, speaking through Mr. Justice WHITFIELD, said: "The age of the father was not testified to, but he was a witness, and his probable age and life expectancy could have been estimated by the jury from his appearance." The judgment in that case was affirmed.

After charging the jury as to the elements of recoverable damages in this case, the trial judge added that all the elements of damages must be based upon "the probable joint lives of the widow and husband." It also might be observed that in the motion for a new trial none of the grounds of the motion charged that the verdict in this case was excessive.

For these reasons, as well as for the reasons set forth in the opinion of Mr. Chief Justice CHAPMAN, I concur in the opinion and judgment of affirmance.

27 So. (2nd) 909                         June Term, 1946
November 19, 1946                          Division A