EDMOND P. BACON ET AL., PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. When a Judge of one Circuit holds a term of court in another Circuit, and during the term an order is entered upon the minutes allowing time after the adjournment for settling a bill of exceptions in a case tried by him, he is authorized to settle a bill after the adjournment of the term and within the time allowed by the order.

2. The word month, when used in such an order, means a calendar month, unless the order specifies a different meaning.

3. When the last day of the time allowed by such an order falls on Sunday, such day will not be counted, and the bill may be settled on the next day.

The facts of the case are stated in the opinion.

*The Attorney-General* for the motion.

*J. B. Wall* and *Hartridge & Young, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The Attorney-General moves to strike the bill of exceptions from the record.

I. One ground of the motion is that the bill was not presented to the judge within the time allowed by the order made in term. This order allowed three months for making up the bill. The fact is, without considering the causes of the alleged delay, that it was not presented till Monday, October 19th, and it is suggested, if not contended, that even if the word *month* is to be construed as meaning a *calendar* month, the bill should have been presented on Saturday 17th, Sunday the 18th being the last day of the time allowed.

We think that where the term *month* is used in an order of this kind, and no other meaning is given to it by the terms of such order, it should be construed as meaning a *calendar* month. Such is the common understanding of the term, and such has been the practical construction of the word in this State, in matters of practice. In England, it is said to have originally meant, at common law, a lunar month, or 28 days, (which is the length of such a month according to the law books) except where used in bills of exchange, when it meant a calendar month. The decisions of the State courts are not reconcilable. We prefer those which favor a construction of it as a calendar month, and such is the view of the Supreme Court of the United States. Sheets vs. Seldon, 2 Wall., 177. The authorities will be found collated in the Law Dictionaries, under the title *month*.

Construing the term as meaning a calendar month, then Sunday, October 18th, was in fact the last day of the period allowed. Rule 63 of the Circuit Court Rules, in common law actions, provides that " in all cases in which any particular number of days *not expressed to be clear days* is prescribed by the rule or practice of the courts, the same shall

be reckoned exclusively of the first day, and inclusively of the last day, unless the last day shall happen to fall on Sunday, * * in which case the time shall be reckoned *exclusively* of that day also." Applying the spirit of this rule, (should it be that its terms do not cover the case before us,) the 18th of October will be excluded, and the 19th, Monday, reckoned as one of the days of the period allowed, and the plaintiffs in error should be held to have tendered their bill of exceptions in time.

Independent of the above rule we think that where the time, within which, by an order or rule, judicial action is to be taken, expires on Sunday, that the party has all the next day to do what is required. In Cock vs. Bunn, 6 Johnson, 326, it was held that where a rule to plead expired on Sunday, the defendant had the next day in which to plead, and that where Sunday is the last day it is to be rejected; and in Lee vs. Carlton, 3 Term Repts., 642, it was decided that if the last day of the four days for pleading in abatement happen on a Sunday, the defendant may file the plea on the fifth day. See also Barnes vs. Eddy, 12 R. I., 25.

In Story vs. Elliott, 8 Cowen, 27, it was held that no judicial act could be done on Sunday at the common law; " and that other acts are lawful on that day unless prohibited by a statute." See Nabors vs. State, 6 Ala., 200. While it is true at common law as to contracts on which days of grace were allowed that if the last of these days falls on Sunday payment should be made on the preceding day, such was not the law as to contracts, where no grace was allowable or where the instrument was not negotiable, but they might be paid or performed on the following Monday. Avery vs. Stewart, 2 Conn., 69 ; Salter vs. Burt, 20 Wend., 205. As grace was originally a mere indulgence, the rule in the former class of cases was reasona-

ble as a limitation upon the indulgence. It is unnecessary to notice sec. 7, p. 327, of Thompson's Digest, as to service of process, etc., on Sunday. Maxson vs. Annas, 1 Denio, 204.

We do not therefore think the first ground tenable.

II. The other ground of the motion is that the Judge of the Seventh Circuit had no authority to sign the bill of exceptions, and that it is therefore a nullity. The fact is that the plaintiffs in error were convicted of murder at a special term of the Circuit Court, held in Manatee county, which is in the Sixth Circuit, over which Judge Foster, of the Seventh Circuit, presided, under an order from the Chief Justice. It is claimed that when that term adjourned Judge Foster became *functus officio* as to its business, and could do nothing as to judicial matters pertaining to that Circuit, except under the provisions of chapter 373, and that there is nothing to show that he has acted under circumstances covered by them.

In Alabama, where the Judge of one Circuit had held part of a term in a county and left the Circuit, and was holding court in another Circuit, a bill of exceptions in a case he had tried in such county was presented to and settled by him. The term in such county was still open and being held by another Judge. It was contended that he had no power to settle the bill, but the Supreme Court held otherwise and sustained the bill. *Ex parte* Nelson & Kelly, 72 Ala., 377. In Arkansas, it is held that the bill of exceptions must be signed by the Judge who tries the cause, though he be a special Judge, and it be not signed till after the term. Wilkins vs. State, 37 Ark., 370; Cowall vs. Altchul, 40 Ark., 172. In North Carolina, the rule is that it must be settled by the Judge who tried the cause, and if the party seeking it has been guilty of no laches in

4

the premises, and has exercised due diligence in taking his appeal, the Supreme Court will, *ex debito justitiœ*, order a new trial if the Judge who tried the case has gone out of office without having settled the bill. This assimilates to the English practice. Isler vs. Haddock, 72 N. C., 119 ; 88 N..C., 609, 611 ; Newton vs. Boodle, 54 E. C. L., 795.

The law in relation to bills of exception has, in the absence of laches, received a' liberal construction in order to save the rights of parties and prevent a failure of justice. It is obvious that from the very nature of the business the Judge who tried the cause is the one who should settle the bill. The practice in Wisconsin is that even after he has retired from office he may do it. This, however, is exceptional. This court has recognized a bill settled by Judge Vann, of the 3d Circuit, in a case tried by him while holding a special term in the 5th Circuit, though he settled it in the 3d Circuit after the adjournment of the special term, an order allowing additional time having been made by him in term. Williams vs. State, 20 Fla., 391. It is true, however, that no objection was made to the bill and there was no adjudication of the point. The duty of noting exceptions and settling the bill is one which belongs peculiarly to the Judge who tried the cause. Though we have ruled that when the Judge's term of office has expired his successor may act ; (16 Fla., 406 ;) and that, where the regular Judge of a Circuit having tried a case has become disabled by sickness to act, that a Judge of another Circuit has, under chapter 373 of our statutes, the *power* to do so, (21 Fla., 165,) we do not think these decisions preclude us from holding that Judge Foster's action in the premises is not *coram non judice*. The order allowing additional time was in effect to enable him to do after the term a duty or function incident to the term, and which in the regular course of things he should have done prior to its adjourn-

ment.   He had the power to make·it, and whether it can be considered a case in which the Judge of the 6th Circuit was " unable " from * * " *other cause*" to act under chapter 373, we think Judge Foster's action·was within the purpose and effect of the order, and a performance of a duty relating to the term he held but which he was authorized by the rules to postpone till after the adjournment.

The motion is denied.