JOHN T. BOND, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA EX REL. JULIA JARVIS, DEFENDANT IN ERROR.

1. A bastardy case under our statute, in its inception, partakes of the nature of a criminal case, but in its latter stages, after it has reached the Circuit Court, becomes a civil action.

2. A writ of error from a judgment in a bastardy case should be sued out within six months of the date of the judgment, as provided by section 1271 Revised Statutes of Florida.

3. The act of 1893 (Chapter 4154 laws of Florida) does not make a bastardy proceeding a criminal prosecution.

Writ of Error to the Circuit Court for Madison county.

Motion to dismiss Writ of Error.

The facts in the case are stated in the opinion of the court.

W. B. Lamar, Attorney-General, for the motion.

Benj. P. Calhoun, contra

LIDDON, C. J.:

In a bastardy proceeding against the plaintiff in error in the Circuit Court of Madison county, on the 20th day of October, 1893, a final judgment was entered. By this judgment the State of Florida recovered of the plaintiff in error the sum of fifty dollars per annum for the period of ten years, to be paid in annual installments, commencing on the first day of November, 1893, and the sum of ten dollars to be paid upon the giving of the bond in said judgment provided for, to cover the expense of the birth of the child. Said judgment also required that the plaintiff in error enter into a good and sufficient bond with two or more securities, to be approved by the clerk of said court, for the faithful payments of said moneys, and that he stand committed until said bond be executed according to law, or for the period of twelve months. The writ of error, by which it is sought to reverse such jugdment, was issued May 17th, 1894, more than six months after the rendition of said judgment.

The Attorney-General moves to dismiss the writ of error because not sued out within the time prescribed by the statute. The motion presents the question, whether a bastardy proceeding is a civil case in which the writ of error must be sued out within six months of the date of the judgment, under Section 1271 of the Revised Statutes, or whether it is a criminal case to which such limitation does not apply. A bastardy proceeding is of rather a nondescript character. It partakes in its inception under our statute very much of the nature of a criminal prosecution, but in its latter stages, when it reaches the Circuit Court, becomes a civil case. E. N. E. vs. State ex rel. etc., 25 Fla. 268, 6 South. Rep. 58; W. H. T. vs. State, ex rel. etc., 18 Fla. 883.

It is contended on behalf of the plaintiff in error that the statute (Chapter 4154 laws of Florida, acts of 1893, page 77), which has become a law since the decisions above cited were made, has changed a bastardy proceeding into a criminal prosecution. The title of this statute is, "An act prescribing the period of time for which a defendant shall be imprisoned for failing or refusing to give bond or comply with the order of the court in bastardy cases." The act provides that in such cases "in which the issue shall be found against the defendant or reputed father, and judgment is rendered against him, the court shall in such judgment specify a certain time for which he shall be imprisoned in case of failure or refusal to comply with such judgment; but in no case shall such term of imprisonment be for a longer period than one year." This act does not purport to give power to the courts to imprison defendants in bastardy cases who fail or refuse to comply with the judgment of the court. It was well-recognized that without the authority of an express statute the courts already had such power. *Ex Parte* J. C. H., 17 Fla. 362. The act recognized the power, and instead of making any grant of further power, places restrictions and limitations upon the power already held and exercised by the courts. The case last above cited held that the court might imprison the defendant until he complied with the order of the court. This imprisonment was not as a punishment for a crime but to enforce obedience to the judgment of the court. Under this decision, unless prevented by some constitutional guarantee, an insolvent, or unwilling and obstinate defendant might be imprisoned indefinitely or for life. The statute, instead of making a criminal prosecution of that which was not criminal before, lessens the liability and

danger of the defendant. It puts certainty and a limitation upon the time of his imprisonment, which before was uncertain, and apparently without limit.

A bastardy proceeding is not a criminal case under our statutes, as they were before, or as they are now, since the act of 1893. The judment against the plaintiff in error was a civil judgment, and the writ of error should have been sued out within six months of the date of the judgment. It was not sued out within such time, therefore the motion to dismiss the writ of error is granted.