Simmons and Capen v. Hanne et al.—Syllabus.

WILLIAM T. SIMMONS AND MORITZ P. CAPEN, PLAINTIFFS IN ERROR, v. LOUIS W. HANNE AND FRED H. HANNE, COMPOSING THE FIRM OF HANNE BROS., DEFENDANTS IN ERROR.

1. Where a formal final judgment is rendered in writing signed and dated by the Circuit Judge a writ of error must be taken to the judgment within the statutory period from such date and not from the date of the subsequent entry or record of such judgment by the clerk of the court.

2. The term "months" when used in a statute of this State means calendar months, not lunar months, unless there is something in the statute which indicates that a contrary meaning was intended.

3. When time is to be computed from a particular day, or when an act is to be performed within a specified period from or after a day named the rule is to exclude the first day designated and to include the last day of the specified period.

4. In computing the time within which an act required by a statute must be done, if the last day falls on Sunday it can not be excluded unless the intention of the legislature to exclude it is manifest.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Geo. U. Walker,* for Plaintiffs in Error.

*A. W. Cockrell & Son,* for Defendants in Error.

PARKHILL, J.  This case is brought  here by writ  of error upon a judgment rendered in the Circuit Court of Duval county and a motion is made now to dismiss on the ground, among others, that "said writ of error was not sued out and taken within six months from the date of said judgment, as required by the statute, section 1271 Revised Statutes of Florida."

The declaration in this case was filed on the 20th day of April, 1904, and on the 23rd day of April, 1904, the defendant, who is now defendant in error, filed a demurrer thereto.

On the 28th day of July, 1904, the court after due notice given of the hearing, made the following ruling upon the demurrer:  This demurrer coming on to be heard and having been argued and submitted, it is considered that said demurrer be and the same is hereby sustained.

Done and ordered this July 28, 1904.

R. M. CALL, Judge.

On the 11th day of August, 1904, the court made and entered jujdgment against the plaintiffs in the words and figures following:

"In the Circuit Court of the Fourth Judicial Circuit of the State of Florida, in and for Duval county.

W. T. Simmons and Moritz P. Capen, Plaintiffs, vs. Louis W. Hanne and Fred H. Hanne, composing the firm of Hanne Bros., Defendants.

This day, came the parties in the above entitled action, and it appearing to the court that the demurrer to the declaration is well taken, and has  been sustain by the judgment of this court, rendered herein on the 28th day of July, A. D. 1904, that the plaintiffs refuse to  plead further, and that the defendants are entitled to judgment final on the demurrer.

It is thereupon considered by the court, that the plaintiff W. T. Simmons and Moritz P. Capen take nothing by their plaint, that the defendants Louis W. Hanne and Fred H. Hanne, composing the firm of Hanne Bros., go hence without day, and that the defendants do have and recover of the plaintiffs their costs herein taxed by the clerk for which let execution issue.

This the 11th day of August, A. D. 1904.

R. M. CALL, Judge."

This judgment was filed by the clerk and entered in the minutes of the court August 26th, 1904. From this judgment writ of error was sued out and taken on the 27th day of February, A. D. 1905.

It is contended here on the one hand that the date of the said judgment is the 11th day of August, 1904, and that the writ of error sued out on the 27th day of February, 1905, was not sued out within six months from the date of the judgment, and that the writ of error should be dismissed.

On the other hand it is contended that "the time begins to run from the entry of judgment or order on the record" and that the six months within which the writ of error is required to be sued out and taken must be computed from the 26th day of August, the very day when the judgment was recorded or entered in the minutes of the court.

Section 1271 of the Revised Statutes is as follows: "All writs of error on judgments in civil actions shall be sued out and taken within six months from the date of said judgments," &c. When does this statute begin to run? "This question, it is apprehended depends almost entirely upon the wording of the statute prescribing the limitation. In some jurisdictions the statute does not begin to run until 'entry' of the judgment, while in others it runs from

the date of the rendition of the judgment." Ency. Pl. & Pr., vol. 7, p. 876. In answering this question, then, we must be governed by the wording of our statute. Our statute requires the writ of error to be sued out within six months from the *"date* of the judgment," not from the date of the entry of the judgment in the minutes of the court.

On the 11th day of August, 1904, as shown by the record, the parties appeared, the plaintiffs refused to plead further, and the judge made and entered, in writing, final judgment against them and dated the judgment. This the judge could do without the aid of the clerk. It is the duty of the clerk "to keep regular and fair minutes of all the proceedings of the court, but he is not required or authorized to sign them, that duty is imposed upon the judge and his signature alone gives them verity. The clerk is only the official scribe of the court. The court * * * can keep its own minutes by entering them himself or signing them." McClerkin v. State, 20 Fla. 879. "The rendition of a judgment is the official act of the court. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given and designed to stand as a perpetual memorial of its action." 1 Black on Judgments, section 106. There is a clear distinction between making or rendering a judgment and its entry.

After the ruling of the court sustaining the demurrer to the declaration on July 28th, and the refusal of the plaintiffs to plead further the Circuit Judge had the power to himself make and enter a final judgment. He could have ordered, however, a formal final judgment after sustaining the demurrer, and the entries of the clerk made in pursu-

ance of directions then ordered are the entries of the judge himself. The clerk acts for an as the amanuensis of the judge. McGee v. Ancrum, 33 Fla. 499, text 507-8, 15 South. Rep. 231. A judgment thus made upon the order of the judge would not be a final judgment until "entered" by the clerk upon the minutes of the court. The date of the judgment thus rendered would necessarily be the date of the entry by the clerk.

But in this case the judge made and rendered judgment. It was a final judgment, not an order for the entry of a final judgment. It left nothing to be determined. And the *date* of this judgment was the day when the judge himself made and rendered it—the 11th day of August. "Writs of error shall lie only from final judgments," &c. Sec. 1263 Revised Statutes. There is no requirement by statute that the writ lies from final judgment duly entered. The only question to be determined then, is whether there is a final judgment in this case or not, and not whether the judgment is properly entered on the records of the court. California State Telegraph Company v. Patterson, 1 Nev. 150, text 156. In the latter case the court said: "The right of appeal under our practice does not depend upon the entry or perfection of the judgment of the lower court, but upon the rendition of it. In New York, under the Code, when an appeal was authorized only from a judgment entered a different rule prevailed, and it was held that an appeal would not lie until the judgment was entered and perfected. But the distinction between the language of the Code and the Practice Act of this State is obvious. The Code only authorized an appeal from a judgment entered; the Practice Act of this State allows it from a final judgment." To the same effect see Fleet v. Youngs, 11 Wend. 522; Lee v. Tillotson, 4 Hill 27; Board of County Commissioners of Vigo County v. City of

Terre Haute, 147 Ind. 134, 46 N. E. Rep. 350; Wood v. Etiwanda Water Company, 122 Cal. 152, 54 Pac. Rep. 726; Anderson Adm'r v. Mitchell, 58 Ind. 592, text 594.

The legislatures of the different States have prescribed different rules upon this subject and there is some conflict of the courts in the construction of these statutes. This question is one of mere practice, however, and it can not be doubted that it is competent for the legislature to prescribe the time within which an appeal from a judgment of the Circuit Court may be taken to this court. It seems to us that the legislature of this State has designated the time in language so plain and unambiguous that there can be no doubt as to its meaning. The writ of error in this case was not sued out within six months from the *"date of the judgment,"* which is the 11th day of August, 1904. But even if the time within which the writ of error must be sued out were to be computed from the date of the *entry* of the judgment in the minutes of the court which was the 26th day of August, the writ of error must be dismissed because it was sued out on the 27th day of February, more than six months from date of the *entry* of the judgment.

The term "months" when used in a statute of this State means calendar months, and not lunar months, unless there is something in the statute which indicates that a contrary meaning was intended. Guaranty Trust & Safe Deposit Co. v. Buddington, 27 Fla. 215, 9 South. Rep. 246; Bacon v. State, 22 Fla. 46. When time is to be computed from a particular day or when an act is to be performed *within* a specified period from or after a day named, the rule is to exclude the first day designated and to include the last day of the specified period. Savage v. State, 18 Fla. 970. An appeal taken August 22, from a judgment rendered February 21, is not taken within six

months, and must be dismissed. Glore v. Hare, 4 Neb. 131. See also Smith v. Gale, 137 U. S. 577, 11 Sup. Ct. Rep. 185; Chicago, B. & Q. R. Co. v. Evans, 39 Ill. App. 261; Ritchey v. Fisher, 85 Iowa 560, 52 N. W. Rep. 505; Wright, Executrix v. Manns, 111 Ind. 422, 12 N. E. Rep. 160; Hursh v. Hursh, 99 Ind. 500.

Excluding the 26th day of August, the day when the judgment was *filed* and *recorded* by the clerk, the six months within which a writ of error must be sued out from that day would expire on the 26th day of February, 1905. But it is urged by plaintiffs in error that the 26th day of February was Sunday and that this day must be excluded, and for that reason the statutory period of six months expired on the following day, Monday, February 27th.

Under the Codes in many of the States it is provided that "when the last day is Sunday it shall be excluded," and under various rules of court containing the same clause, when Sunday is the last day for the performance of an act, it is usually excluded and performance on Monday is allowed. Am. & Eng. Ency. Law 2nd ed., vol. 28, p. 224. And so also "where the time within which, by an order or rule, judicial action is to be taken, expires on Sunday, the party is allowed the next day to do what is required." Bacon v. State, 22 Fla. 46, text 48. But when the act to be performed is in fulfillment of a statutory requirement Sunday will not be excluded and performance must be made on Saturday. Am. & Eng. Ency. Law, vol. 28, p. 225, and cases cited. In Ex parte Dodge, 7 Cowen 147, the court said: "Sunday has in no case, we believe, been excluded in the computation of *statute* time. The cases referred to respect the rules of practice. The result is that when the

18 S. C.

last day of the six months within which an appeal may be taken or writ of error sued out to review, in this court, a decree or judgment below falls on Sunday the appeal can not be taken or writ of error sued out, on any subsequent day." Johnson v. Meyers, 54 Fed. Rep. 417. See, also, Alderman v. Phelps, 15 Mass. 225; Haley v. Young, 134 Mass. 364; People on relation of Pugsley v. Luther, 1 Wend. 42; Bissell v. Bissell, 11 Barb. 96.

In American Tobacco Co. v. Strickland, 81 Md. 500, 41 Atl. Rep. 1083, the court said: "Of course that rule would not apply when Sundays are expressly excluded by the statute, or the intention of the legislature to exclude them is manifested. The rule may be said to be somewhat arbitrary, yet it is not without a reason. When the legislature fixes a limitation of time of more than seven days, it knows that the period must necessarily include one or more Sundays, and hence if it intends to exclude them it can and should say so; but when the period of time is less than seven days, it may or may not include a Sunday, depending upon the day of the week it is computed from." See, also, Cooley v. Cook, 125 Mass. 406; Smaldone v. President, etc., of Insurance Co., 162 N. Y. 580, 57 N. E. Rep. 168. The great weight of authority is that in computing the time within which an act required by any statute must be done, if the last day falls on a Sunday, it can not be excluded, and the act done on the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation, or the intention of the legislature to exclude it is maifest. The statute of this State is plain. We have not the power to extend the statute. We must stop when the statute stops. Shefer v. Magone, 47 Fed. Rep. 872; Drake v. Andrews, 2 Mich. 203.

For the reasons above given the writ of error in this case was not sued out and taken within six months, the time prescribed by law, and must be dismissed.

SHACKLEFORD, C. J., and TAYLOR, HOCKER and WHITFIELD, JJ., concur.

COCKRELL, J., being disqualified, took no part in the consideration thereof.