F. C. EATON, PLAINTIFF IN ERROR, v. J. J. McCASKILL AND R. E. L. McCASKILL, PARTNERS, AS J. J. McCASKILL & COMPANY, DEFENDANTS IN ERROR.

A writ of error on a judgment in a civil action not sued out and taken within six months from the date of the judgment, as provided by the statute, where the plaintiff in error does not come within the exceptions of the statute, confers no jurisdiction of the cause upon the appellate court, and the writ of error should be dismissed.

This case was decided by Division A.

Writ of error to the circuit court for Walton county.

The facts in the case are stated in the opinion of the court.

*C. M. Cox,* for Plaintiff in Error;

No appearance for Defendant in Error.

WHITFIELD, J.: The transcript shows that the judgment in this case was entered May 2nd, 1906. The writ of error bears date November 14th, 1906, more than six months after the entry of the judgment.

Section 1271, Revised Statutes of 1892, Section 1699, General Statutes of 1906, provides that "all writs of error on judgments in civil actions shall be sued out and taken within six months from the date of said judgment; but where an infant, *feme covert*, except when authorized to sue in her own name, or person *non compos mentis*, shall be a party to any judgment in a civil action, six

months shall be allowed to such infant *feme covert* or person *non compos mentis,* after their respective disabilities are removed, in which to sue out a writ of error on any judgment aforesaid."

This is a civil action. The judgment herein was entered May 2nd, 1906, the motion for new trial was denied May 5th, 1906, and the writ of error bearing date November 14th, 1906, was not "sued out and taken within six months from the date of said judgment." It does not appear that the plaintiff in error comes within the exceptions named in the statute. A writ of error in a civil action not sued out and taken within the time allowed by the statute confers upon this court no jurisdiction of the cause. See Hodges v. Moore, 46 Fla. 598, 35 South. Rep. 13. Where a writ of error is sued out and taken in a civil action after the time allowed by the statute, and therefore confers upon the appellate court no jurisdiction of the cause, the writ of error should be dismissed. Simmons v. Hanne, 50 Fla. 267, 39 South. Rep. 77; Bond v. State *ex rel.* Jarvis, 34 Fla. 45, 15 South. Rep. 591.

An order will be entered dismissing the writ of error.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.