J. H. McCLELLAN ET AL., *Plaintiffs in Error*, v. CHARLIE WOOD, *Defendant in Error*.

Opinion filed November 10, 1919.

1. A trial of an action at law is not concluded where a motion for new trial is duly made therein, until the motion for new trial is finally disposed of.

2. Under the statutory provisions that "writs of error shall lie only from *final* judgments" and that adjudications of motions for new trial shall be entered in the minutes of the court, and that writs of error shall be taken within six months "from the date of the judgment," the limitation has reference to the date when the judgment becomes final by an adjudication upon a motion for new trial, where one is duly made and prosecuted in the cause, and not to the date the judgment is in fact entered at the trial under the statute.

3. The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

A Writ of Error to the Circuit Court for Calhoun County, James H. Finch, Judge ad litem.

Judgment affirmed.

*John H. Carter* and *J. Frank Adams,* for Plaintiffs in Error;

*Paul Carter* and *W. P. Fields,* for Defendant in Error.

WHITFIELD, J.—An opinion was filed and the writ of error herein was dismissed on the ground that the writ of error was not "sued out and taken within" the time allowed by the statute. Subsequently the court *sua sponte* withheld the mandate for further consideration of the matter.

In replevin proceedings a verdict for the plaintiff was rendered May 10, 1917. A motion for new trial was made May 14, 1917, in term time. A judgment for the plaintiff was rendered and dated May 22, 1917. The motion for new trial was continued by consent to be acted on in vacation, and was denied January 7, 1918. A writ of error was taken February 12, 1918.

The transcript indicates that the order denying a new trial was entered in the minutes of the court as required by Chap. 5403, Acts of 1905.

The statute provides that "writs of error shall lie only from final judgments, except" that a writ of error may be taken "upon the entry of an order granting a new trial at law, * * * without waiting for a final judgment in the cause." Secs. 1691, 1695, Gen. Stats., 1906, Compiled Laws 1914. "All writs of error in judgments in civil actions shall be sued out and taken within six months from the date of said judgment" with exceptions not material here. Secs. 1699, 1700, Gen. Stats., 1906, Compiled Laws, 1914. "Every motion for a new trial shall be made by filing the motion and the reasons therefor in writing in the court, or by placing the motion and the reasons therefor on the motion docket, within four days after the

verdict shall have been rendered, and during the same term; and such motions standing over from one term to another shall operate as a supersedeas only when so ordered by the court. And the entry of such motion shall not prevent the entry of judgment on the verdict. Sec. 1608, Gen. Stats. 1906, Compiled Laws, 1914.

Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney with three days' notice of the time and place that the same will be presented and heard.

It shall not be necessary to incorporate in any motion for a new trial any matter *in pais* previously excepted to, for the purpose of having the same reviewed by an appellate court.

The judge shall have the power to hear and determine any motion for new trial in vacation and any such adjudication thereon in vacation shall be entered in the minutes of the court and shall have the like force and effect as if made during term time. Secs. 1 and 2, Chap. 5403, Acts of 1905; Sec. 1343-a, Compiled Laws, 1914; Spellman v. Beeman, 71 Fla. 575, 70 South. Rep. 589.

Originally writs of error in civil actions were to "be sued out and taken within two years from the date of the judgment," etc. Sec. 10, Act approved Feb'y 10, 1832, Sec. 4, page 844 McClellan's Digest. The time was reduced to six months. Sec. 1271, Revised Statutes of 1892.

Delays in disposing of motions for new trials apparently did not often raise questions of limitation when the time for taking writ of error was two years, though a writ of error was dismissed in Crippen v. Livingston, 12 Fla. 638, where the judgment "was rendered and recorded" December 21, 1866, and the writ of error was *issued* from the Supreme Court December 19, 1868, but not *filed* in the Circuit Court till January 2, 1869. The filing of the writ of error in the trial court was more than two years after the date of the judgment and more than two years after "the last day of the term" of the Court, which was December 22, 1866. If a motion for new trial was made in the case the law then required it to be made during the term, and if made it presumably was disposed of before the court adjourned for the term December 22, 1866.

In Eaton v. McCaskill, 53 Fla. 513, 43 South. Rep. 447, decided after the period of limitation was reduced to six months it was held that "a writ of error on a judgment in a civil action not sued out and taken within six months from the date of the judgment, as provided by the statute, where the plaintiff in error does not come within the exceptions of the statute, confers no jurisdiction of the cause upon the appellate court, and the writ of error should be dismissed." In that case the judgment was rendered May 2, 1906. A motion for new trial was denied May 5, 1906, and the writ of error was issued November 14, 1906, more than six months after the motion for new trial was denied.

In Simmons v. Hanne, 50 Fla. 267, 39 South. Rep. 77, a judgment on the pleadings was signed by the judge and dated August 11, 1904, and entered August 26, 1904. The writ of error was sued out and taken February 27, 1905,

more than six months after the date and of the entry of the judgment. The writ of error was dismissed. As the judgment was on the pleadings, there was no motion for a new trial. See also Bond v. State ex rel. Jarvis, 34 Fla. 45, 15 South. Rep. 591.

A trial of an action at law is not concluded where a motion for new trial is duly made therein, until the motion for new trial is finally disposed of. Greeley v. Percival, 21 Fla. 428, text 431; Rehfield v. Moore, 76 Fla. 378, 80 South. Rep. 52; McGee v. Ancrum, 33 Fla. 499, 15 South. Rep. 231. See also Aspen M. & S. Co. v. Billins 150 U. S. 31; C. G. W. Ry. v. Barham, U. S.; 39 Sup. Ct. 213; 3 C. J. 1051; 19 Fla. 752, 754.

As under the statutes a writ of error lies only to final judgments in law actions, except in cases where a new trial is granted, and as under the statute a judgment may be entered upon the rendering of a verdict and a motion for new trial may be subsequently made, even within a limited time after the term of the court has ended, and as a judgment is not in all respects *final* until the motion for new trial is disposed of, and as in reducing the period within which a writ of error may "be sued out and taken" and extending the time within which new trials may be made and determined, without changing the express requirements that "writs of error shall lie only from *final* judgments," and as the statute requires "adjudications" of motions for new trials to be entered in the minutes of the court, the lawmaking power must be held to have intended that the provision that writs of error shall be sued out and taken within six months "from the date of the judgment," means from the date when the judgment becomes final. This view conserves the organic right to an appellate review of *nisi prius* adjudications. Where mo-

tions for new trial are appropriate and are duly made, the judgments may not become final until the motion is determined, abandoned or otherwise disposed of. The law contemplates that orders granting or denying new trials, whether made in term time or in vacation shall be entered in the minutes of the court. See Section 2, Chap. 5403, above quoted. This entry in the minutes of the court makes the orders granting or denying new trials matters of record affording a means of determining when the judgment entered becomes final for the purpose of taking a writ of error. It is significant that the statute authorizes writs of error to orders that are *entered* granting new trials. Sec. 1695, Gen. Stats., 1906, Compiled Laws, 1914.

The writ of error having been sued out and taken within six months after the judgment becomes final by a denial of a new trial, the statute is not violated.

This discussion is of statutory regulations of the common law writ of error, not of equity or statutory appeals.

The writ of error is issued is not fatally defective as to parties or otherwise.

A careful consideration of the questions presented discloses no reversible error as to them.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that

there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562; Jacksonville v. Glover, 69 Fla. 701, 69 South. Rep. 20; Peacock v. Our Home Life Ins. Co., 73 Fla. 1207, 75 South. Rep. 799.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.