THE CITY OF ORLANDO, *Plaintiff in Error*, v. CLARA C. HEWITT, *Defendant in Error*.

Division B.

Opinion Filed November 22, 1926.

1. Where a writ of error on a judgment in a civil action is not sued out and taken within six months from the date of the judgment and the Plaintiff in Error does not appear to come within the exceptions of the statute, no jurisdiction of the cause is conferred upon the Appellate Court by a writ of error which appears to have been sued out after the expiration of such time.

2. Where in fact no motion for new trial is filed within the time allowed by statute, the statutory six months within which writ of error must be taken runs from the date of judgment and not from the date of the order disposing of an attempted motion for a new trial which was filed after

the expiration of the statutory time within which such motions may be filed.

A Writ of Error to the Circuit Court for Orange County; Frank A. Smith, Judge.

Affirmed.

*C. O. Andrews,* for Plaintiff in Error.

*Maguire & Voorhes,* for Defendant in Error.

PER CURIAM.—This was a suit brought by Clara C. Hewitt, against the City of Orlando, Florida, for damages alleged to have been caused by the wrongful obstruction of a street. Judgment was rendered in favor of the plaintiff in the sum of $8500.00, together with $47.30 as costs. Motion for new trial appears in the record in the following language:

"Comes now the defendant, City of Orlando, a municipal corporation, by its Solicitor, W. B. Crawford, and moves the Court for an order granting a new trial in the above entitled case and as grounds for said motion says:

(First)—The verdict was contrary to the evidence.

(Second)—The verdict was contrary to the law.

(Third)—The verdict was contrary to both the law and evidence.

(Fourth)—The Court erred in giving Instruction No. 1 to the jury.

W. B. CRAWFORD,
Solicitor for Defendant.

Orlando, Florida, December 24, 1925."

The record shows the judgment was entered on the 21st day of December, 1925.

The record shows that the motion for new trial was filed December 28th, 1925.

On the 31st day of May, 1926, the Court made an order denying a motion to re-file *nunc pro tunc* the motion for a new trial and granting a motion to strike the motion for new trial on the ground that the same was not filed within the time prescribed by statute, which order was as follows:

"This cause coming on to be heard, upon motion of Defendant, City of Orlando, to re-file *nunc pro tunc* motion for a new trial, and motion of the Plaintiff, Clara C. Hewitt, to strike from the files said motion for new trial, and the Court having heard said motion on the part of the Defendant and said motion on the part of the Plaintiff simultaneously, and having considered the evidence presented in support of said motions respectively, and the Court being fully advised in the premises, it is thereupon ordered,

First—That said motion to re-file *nunc pro tunc* motion for new trial herein be and same is hereby denied.

Second—That said motion to strike said motion for new trial be and the same hereby is granted and said motion for new trial is hereby ordered stricken from the records of said cause.

The defendant excepts to the foregoing rulings.

DONE AND ORDERED at the Court House in Orlando, Florida, this 31st day of May, A. D. 1926."

As stated above, the judgment was entered on the 21st day of December, 1925. The writ of error was issued on the 22nd day of June, 1926. This was six months and one day after the date of the judgment.

The time allowed under statute, Sec. 2909, Rev. Gen. Statutes of Fla., had expired before the writ of error was sued out.

Where a writ of error on a judgment in a civil action is not sued out and taken within six months from the date of the judgment and the Plaintiff in Error does not appear to come within the exceptions of the statute, no jurisdiction of the cause is conferred upon the Appellate Court by a writ

of error which appears to have been sued out after the expiration of such time. (Eaton v. McCaskill, 53 Fla. 513; 43 Sou. 447.)

The evidence taken in the premises is sufficient to support the order of the circuit court denying the motion to refile *nunc pro tunc* the motion for a new trial.

Where in fact no motion for new trial is filed within the time allowed by statute, the statutory six months within which writ of error must be taken runs from the date of judgment and not from the date of the order disposing of an attempted motion for a new trial, which was filed after the expiration of the statutory time within which such motions may be filed. In such cases the motion for new trial is not *duly made* and the rule, as stated in the case of McClellan v. Wood, 78 Fla. 407, 83 Sou. 295, is not applicable. Otherwise a motion for a new trial could be filed at any time and thereby the time in which a writ of error could be sued out could be extended indefinitely.

This writ of error is dismissed for want of jurisdiction.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.