Thomas Palmer v. Gulf Fertilizer Company, a corporation, etc.

172 So. 488.
Opinion Filed February 9, 1937.

*W. B. Dickenson,* for Petitioner;
*Thomas A. Dyer,* for Respondent.

Buford, J.—This case is before us on return to rule *nisi* in prohibition and motion for absolute writ, the return notwithstanding.

The record shows declaration in civil action was filed by Gulf Fertilizer Company, a Florida corporation, against Thomas Palmer in the Civil Court of Record in and for Hillsborough County on June 30, 1927. Judgment for defendant was entered on June 18, 1929. There appears in the bill of exceptions a motion for a new trial but there is

no showing in the record except an entry as shown by photostatic copy of progress docket that same was filed on June 21, 1929. There is no showing that the motion for new trial was presented to the court at any time during the term at which judgment was entered.

On August 6th, 1929, motion was filed by the plaintiff in the following language:

"Comes now the plaintiff in the above entitled cause by its undersigned attorney and respectfully represents unto the Court that, because of the limited time for the hearing of the Motion for New Trial heretofore filed herein, it is unable to properly present the authorities and argument on said Motion for New Trial and therefore respectfully petitions this Honorable Court to enter an order extending the time for the hearing of said Motion for New Trial for a period of Sixty days, and that in and by said order this Honorable Court will order that the Motion for New Trial heretofore filed herein shall operate as a supersedeas."

This Motion is shown to have been made and presented long after the term of court adjourned and after the beginning of another term of court. On the same date an order was entered by the court in the following language, to-wit:

"This cause coming on this day to be heard upon motion of Plaintiff's Counsel for an order extending the time for the hearing of the Motion for a New Trial herein and also for an order making the Motion for New Trial heretofore filed herein operate as a supersedeas, and the Court having heard said motion and being fully advised in the premises, and in consideration thereof, it is

"ORDERED, ADJUDGED AND DECREED That the hearing of the Motion for New Trial heretofore filed herein, be and the same is hereby extended for a period of sixty days from

date hereof, during which time said Motion for New Trial may be set for hearing upon ten days notice to the opposite side, it is further

"ORDERED, ADJUDGED AND DECREED That said Motion for New Trial be and the same shall operate as a supersedeas herein."

The writ of error was issued on the 27th day of February, 1930, which was more than six months after June 18, 1929, the date of the judgment. The question is whether or not the writ of error gave the Circuit Court, being at that time the appellate court, jurisdiction to review the judgment and the answer to this question necessarily depends upon whether or not the motion for new trial superseded the judgment pending that motion.

The record shows that the Civil Court of Record adjourned on the 6th day of July, 1929, that the minutes, including the judgment hereinbefore mentioned, were approved and signed by the judge of the Court.

Section 5161 C. G. L. provides that the terms of the Civil Courts of Record shall begin on the second Monday in January, March, May, July, September and November of each year.

The record does not disclose that any order was made or any motion filed for an order that the motion for new trial should operate as a supersedeas until disposed of. It appears that the first order touching this was made by the court on the 6th day of August, sixty days after the adjournment of the court.

It is settled in this State that under the statutes which provide that writs of error shall lie only from final judgments and that adjudications of motions for new trial shall be entered in mniutes of the Court and that writs of error shall be taken within six months from date of judgment,

the limitation refers to the date when the judgment becomes final by an adjudication upon motion for new trial where one is duly made and prosecuted. See McClellan v. Wood, 78 Fla. 407, 83 Sou. 295. In City of Orlando v. Hewitt, 92 Fla. 933, 110 Sou. 874, it was held that if no motion for new trial is filed within the statutory time the time for taking writ of error runs from date of the judgment.

In the case of Eaton v. McCaskill, 53 Fla. 513, 43 Sou. 447, it was held: "A writ of error from a judgment in a civil action not sued out and taken within six months from the date of the judgment where the plaintiff in error does not come within the exception of the statute, confers no jurisdiction of the cause upon the appellate court."

In DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 Sou. 205, it was held:

"As the statute specifically provides that an order extending the time for making and *presentation* of a motion for a new trial may 'be made within four days after the rendition of the verdict and during the same term,' such extension 'not to exceed fifteen days from the rendition of the verdict,' in order for the trial court to retain jurisdiction of the matter, there must be a *presentation* to the judge of such motion within the time stated."

And in the same case it was also held:

"Where a motion for new trial was not duly presented to the judge within the time fixed by the order made under Section 2811, Revised General Statutes, the Judge was not authorized to adjudicate the motion for a new trial, or to make an order under Rule 97 extending the time for presenting a bill of exceptions in the case."

In Warner v. Goding, 91 Fla. 260, 107 Sou. 406, it was held:

"A motion for a new trial in civil causes will be stricken

when the provisions of Section 2811, Revised General Statutes of Florida, providing for such motion are not strictly followed.".

The record shows that the motion for new trial was not made and presented within the statutory requirements and, therefore, the right to appeal expired at the end of six months after the date of the judgment.

The parties to the cause cannot by their conduct confer jurisdiction upon the appellate court which did not exist under the Constitution or the statutes of the State. The order of the Circuit Court was void and the judgment of the trial court was not affected thereby.

It, therefore, follows that the absolute writ of prohibition should issue.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.