EDWARD PARRADEE v. W. J. STEED.

173 So. 842.
Opinion Filed April 22, 1937.

*Edward Parradee, in pro per.,* for Plaintiff in Error;

*Ellis F. Davis* and *W. McL. Christie,* for Defendant in Error.

WHITFIELD, P. J.—On March 30, 1937, a motion was filed by the plaintiff in error in person "to reinstate the above styled case, on the grounds that" the court "dis-

missed the writ of error through a false date in the final decree, and * * * that the writ of error was issued within the legal time for same to be issued." The action was for damages. Final judgment was rendered and entered October 13, 1934, adjudging $10,000.00 damages against the defendant in favor of the plaintiff. On April 13, 1935, the court made the following

"Order on Motion for New Trial

"This cause coming on before me this day to be heard upon Defendant's Motion for a New Trial, duly filed herein, and the Court after argument of counsel for the respective parties in said cause, being fully advised in the premises, is of the opinion that said Motion should not be granted, but that the Plaintiff is not entitled to recover under the pleadings in said cause for special damages arising subsequent to the date of the institution of said suit, in the amount of Fourteen Hundred Ninety-Three and ($1493.23) twenty-three one hundreds Dollars.

"It is therefore Ordered, Considered and Adjudged that if the plaintiff in this cause will file with the Clerk of this Court within Twenty-four hours from the date hereof a Voluntary Remittitur in the sum of Fourteen Hundred Ninety-three and ($1493.23) Twenty-three one hundredths Dollars, the Defendant's Motion for a New Trial be, and the same is hereby overruled and denied.

"If the said Plaintiff shall refuse to file within the time stated the Remittitur in the amount above stated, then the Motion of Defendant for a New Trial, be, and the same is hereby granted. * * *

"DONE, ORDERED, CONSIDERED, and ADJUDGED IN OPEN COURT in Kissimmee, Florida, on this, the 13th day of April, 1935.

"(Signed) FRANK A. SMITH, *Judge*."

On May 31, 1935, the following (possibly *nunc pro tunc*) order dated April 13, 1935, was filed:

"This cause coming on to be heard this day upon the Oral Motion of the Defendant for an order setting the time in which the Bill of Exceptions shall be settled, and same being proper,

"It is, therefore, ORDERED, ADJUDGED and DECREED that the Defendant be, and he is allowed until July 12, 1935, within which to have the BILL OF EXCEPTIONS settled in this cause.

"Dated at Kissimmee, Osceola County, Florida, this 13th day of April, A. D. 1935.

"(Signed) FRANK A. SMITH, *Judge.*"

A writ of error to the judgment was issued by the Clerk of the Circuit Court on October 30, 1935.

The statute provides that a writ of error to a final judgment taken by a person *sui juris* "shall be sued out and taken within six months from the date of said judgment." Sec. 4619 (2909) C. G. L.; Simmons v. Hanne, 50 Fla. 267, 39 So. 77.

"A writ of error in a civil action not sued out and taken within the time allowed by the statute confers upon this court no jurisdiction of the cause. See, Hodges v. Moore, 46 Fla. 598, 35 South. Rep. 13. Where a writ of error is sued out and taken in a civil action after the time allowed by the statute, and there confers upon the appellate court no jurisdiction of the cause, the writ of error should be dismissed. Simmons v. Hanne, 50 Fla. 267, 39 South. Rep. 77; Bond v. State, *ex rel.* Jarvis, 34 Fla. 45, 15 South. Rep. 591;" Eaton v. McCaskill, 53· Fla. 513, t. 514, 43 So. 447.

"A trial of an action at law is not concluded where a

motion for new trial is duly made therein, until the motion for new trial is finally disposed of.

"Under the statutory provisions that 'writs of error shall lie only from *final* judgments' and that adjudications of motions for new trial shall be entered in the minutes of the court, and that writs of error shall be taken within six months 'from the date of the judgment,' the limitation has reference to the date when the judgment becomes final by an adjudication upon a motion for new trial, where one is duly made and prosecuted in the cause, and not to the date the judgment is in fact entered at the trial under the statute." McClellan v. Wood, 78 Fla. 407, (H. Ns. 1, 2) 83 So. 295. See also Morse v. United States, 270 U. S. 151, 46 Sup. Ct. 241, 70 L. Ed. 518; Louisville Trust Co. v. Stockton, 72 Fed. 1, 18 C. C. A. 408.

In this case the judgment was entered and motion for new trial was filed October 13, 1934. On April 13, 1935, the motion for new trial was denied upon condition that a remittitur be entered. Presumably a remittitur was entered as allowed by the court. On May 31, 1935, an order, made as of April 13, 1935, was filed. A writ of error was issued by the Clerk of the Circuit Court October 30, 1935. This was more than six months after the motion for new trial was adjudicated. This court has no jurisdiction to entertain a writ of error issued more than six months after a motion for new trial in the cause has been adjudicated and disposed or where the party taking the writ of error is not a married woman or an infant or a person *non compos mentis*. See Sec. 4619 (2909), 4620 (2910) C. G. L.; Eaton v. McCaskill, 53 Fla. 513, 43 So. 447; City of Orlando v. Hewitt, 92 Fla. 933, 110 So. 874.

The fact that on May 31, 1935, an order was made extending the time for settling a bill of exceptions in the

cause, does not extend the statutory time for taking a writ of error. Such an order relates merely to the preparation of the record of matters *in pais* so that a transcript may be made for the appellate court should a writ of error be duly taken to the judgment in the cause. See Jackson v. Haisly, 27 Fla. 205, 9 So. 648; Lewis v. Meginniss, 25 Fla. 589, text 590, 6 So. 169.

Where a writ of error is not duly taken to a final judgment within the time fixed by statute, the appellate court acquires no jurisdiction of the cause; and a writ of error not duly issued must be dismissed; and the court has no authority to reinstate such a cause when it has been dismissed because there is no legal writ of error to give the court jurisdiction of the cause.

Motion to reinstate denied.

BROWN and DAVIS, J. J., concur.

ELLIS, C. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.