MADSEN, INC., v. HUGH LATIMER, *et ux.*, C. C. WILLIAM, D. W. THRASHER, R. D. WHITMARSH, *et ux.*, WALTER CARRICK, *et ux.*, L. C. LAMBERTON, and DAVID E. LANDERS, *et ux.*

194 So. 244
Division B
Opinion Filed January 23, 1940

*Leo Rosen,* for Plaintiff in Error;

*Joseph Weintraub* and *James W. Pritchard,* for Defendants in Error.

CHAPMAN, J.—The record in this case discloses that a final judgment was entered in the above cause in the Circuit

Court of Dade County, Florida, on the 21st day of July, 1939. On the 19th day of January, 1940, the Madsen, Inc., a Florida corporation, plaintiff below, filed in the office of the Clerk of the Circuit Court of Dade County, Florida, a praecipe for a writ of error and requested therein that the said writ of error be made returnable in the Supreme Court of Florida on the 13th day of April, 1940.

On the 22nd day of January, 1940, the Clerk of the Circuit Court of Dade County, Florida, pursuant to the praecipe for writ of error, did issue the same on January 22, 1940, and recorded or caused to be recorded the said writ of error on January 22, 1940, in Minute Book 119 on page 239. One of the pertinent recitals in the writ of error is, viz.: "Witness the Honorable GLENN TERRELL, Chief Justice of the Supreme Court, and the seal of said circuit court, this 22nd day of January, 1940, *nunc pro tunc* as of January 19, 1940." The clerk of the circuit court certified that the praecipe for writ of error was filed by counsel for plaintiff in error on January 19, 1940.

Counsel for defendant in error filed in this Court a motion to dismiss the aforesaid writ of error on grounds, viz.:

"1. It affirmatively appears from the transcript of record of the proceedings had and taken in the above cause in the lower court that the final judgment, which is the subject matter of the appeal, was signed, filed and recorded in the lower court on July 21, 1939; that the writ of error sued out from said judgment was, by the clerk of the lower court, recorded on January 22, 1940, and by reason thereof said writ of error was not sued out and taken within six months from the date of the signing of said judgment.

"2. It affirmatively appears from the transcript of the record of the proceedings had and taken in the above cause in the lower court, that the final judgement, which is the

subject matter of the appeal, was signed, filed and recorded in the lower court on July 21, 1939; that the writ of error sued out from said judgment was, by the clerk of the lower court, issued and signed on January 22, 1940; that said clerk undertook to enter said writ of error as of January 19, 1940, without leave of court having been first had and obtained by said clerk to issue said writ as of January 19, 1940, when in truth and fact the same was issued on January 22, 1940, as will appear from the transcript of record filed in this cause, and by reason thereof said writ of error was not sued out and taken within six months from the date of the signing of said judgment."

It is admitted by counsel for the respective parties that the writ of error was issued by the clerk of the circuit court on January 22, 1940, but a praecipe was filed by counsel for plaintiff in error on January 19, 1940. The six months period allowed by Section 4619, C. G. L. for suing out a writ of error expired on Sunday, January 21, 1940, and the effort or recital of the clerk that the writ of error was issued *"nunc pro tunc* as of January 19, 1940," it is contended was sufficient in law to toll the statute. We cannot agree to this conclusion, as Section 4619, *supra,* provides that "all writs of error in judgments in civil actions shall be sued out and taken within six months from the' date of said judgment." This Court, in a number of decisions, has construed the' statute. here adversely to the contention of counsel for plaintiff in error. See Parradee v. Steed, 127 Fla. 769, 173 So. 842; Eaton v. McCaskill, 53 Fla. 513, 43 So. 447; Simmon's v. Hanne, 50 Fla. 267, 39 So. 77, 7 Ann. Cas. 322; Hodges v. Moore, 46 Fla. 598, 35 So. 13; Bond v. State *ex rel.* Jarvis, 34 Fla. 45, 15 So. 591.

The motion to dismiss the writ of error issued in this case is sustained and the writ is hereby dismissed.

14

It s so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.