59 So.2d 791 (1952)
KENT et al.
v.
MARVIN et al.
Supreme Court of Florida, Special Division A.
May 21, 1952.
Rehearing Denied July 1, 1952.
Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for appellant Leslee Kent.
Ellis & Spencer, Hollywood, J.B. Patterson, Fort Lauderdale, and Robert F. Underwood and Knight, Smith & Underwood, Miami, for appellant Fred C. Elmlinger.
Landefeld & Kerr, Hollywood, and Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
PER CURIAM.
Motion to dismiss denied without opinion.

On Petition for Rehearing.
HOBSON, Justice.
Counsel for appellees filed a motion to dismiss this appeal on the ground that the appeal was taken from a final judgment which was entered by the court below on November 13, 1951, and the notice of appeal was not filed until February 23, 1952. Obviously this notice of appeal was filed more than sixty (60) days from and after entry of the final judgment. Counsel cite as authority for their contention the cases of Lauderdale-by-the-Sea Development Co. v. Lauderdale S. & Y. Estates, 160 Fla. 929, 37 So.2d 364, 10 A.L.R.2d 1072; Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904; Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11; Sirman v. Conklin, 154 Fla. 304, 17 So.2d 298, and on Petition for Rehearing our attention is called to the case of Wolf v. Cleveland Electric Co., Inc., Fla., 58 So.2d 153.
We denied the motion to dismiss without opinion. This is a common-law action and a motion for new trial was timely filed. The motion was not heard until January 17, 1952, on which date said motion was denied.
The question presented is whether the timely filing of a motion for a new trial in a common-law action tolls the running of the sixty day period within which an appeal *792 may be taken as provided in Section 59.08, F.S.A.
All of the cases initially cited by counsel for appellees dealt with appeals in chancery cases taken from final decrees or from interlocutory orders, except the case of Cates v. Heffernan, supra, in which we considered Chapter 20361, Acts of 1941, F.S.A. § 33.11, which limits the time for taking appeals from Civil Courts of Record to the Circuit Court, in Circuits having more than four Circuit Judges, to one calendar month after the entry of the judgment or the order granting or denying the motion for new trial. Patently that case is not in point except that it reaffirms the well established, if not apodictic, rule that an appellate court does not acquire jurisdiction of the subject matter of an appeal unless the appeal is taken within the period required by law. We need not discuss those cases which dealt with causes originating in courts of equity because Section 63.71, F.S.A. [repealed by chapter 26962 Laws of Florida, 1951, but replaced or superseded by New Equity Rule 71, 30 F.S.A., which is identical], specifically provided that in chancery cases "No petition for rehearing shall operate to stay the proceedings unless so ordered by the court."
The case of Wolf v. Cleveland Electric Company was a common-law action. However, final judgment was entered in that case on November 24, 1950, and it was not until January 12, 1951, that a petition denominated "Petition for Rehearing" was filed. We do not find any provision which allows the filing of a petition for rehearing in a common-law action after the entry of final judgment. Had this petition for rehearing been filed within the time permitted by 30 F.S.A. Rule 41(b) of the New Florida Common Law Rules for filing a motion for a new trial, we might have considered it as such a motion. However, since there is no provision for the filing of a petition for rehearing in a common-law action, and in view of the fact that said ill-begotten petition cannot be treated as a motion for a new trial, there was actually nothing before the lower court and nothing to be brought before this Court except the final judgment entered November 24, 1950. Consequently, that case cannot be relied upon as authority for the proposition that the timely filing of a motion for a new trial in a common-law action does not toll the running of the period provided by statute within which an appeal must, if ever, be taken.
Upon a careful consideration of Section 59.08, F.S.A., and those statutory provisions from which it emanated, as well as the suggestion made by counsel that the 1945 Legislature consolidated Section 67.03, F.S.A., which dealt with appeals in chancery, with Section 59.08, F.S.A., we find no reason to depart from the ruling made by this Court in Parradee v. Steed, 127 Fla. 769, 173 So. 842, and cases therein cited, in which case we quoted with approval our pronouncement in McClellan v. Wood, 78 Fla. 407, 83 So. 295, to-wit:
"`Under the statutory provisions that "writs of error shall lie only from final judgments," and that adjudications of motions for new trial shall be entered in the minutes of the court, and that writs of error shall be taken within six months "from the date of the judgment," the limitation has reference to the date when the judgment becomes final by an adjudication upon a motion for new trial, where one is duly made and prosecuted in the cause, and not to the date the judgment is in fact entered at the trial under the statute.'"
Section 4619, C.G.L. 1927, was in effect at the time we considered the case of Parradee v. Steed, supra. We do not find any change of the language used in that section in the wording of Section 59.08, F.S.A., which is material insofar as the question now before us is concerned.
We have made reference to the fact that Section 63.71, F.S.A. [now same provision is contained in New Equity Rule 71], expressly provided that "No petition for rehearing shall operate to stay the proceedings unless so ordered by the court." We deem it appropriate to make reference at this point to Common Law Rule No. 50 which reads:
"Writs of fieri facias upon judgment shall issue upon the request of the party entitled thereto, his agent *793 or attorneys, provided no execution shall issue on any judgment until the time for filing a motion for new trial has expired, or, if a motion for new trial be filed, until after such motion shall have been disposed of by the court, except that execution may be issued upon special order of the court."
This Rule causes us to be strengthened in our view that we should continue to abide by our pronouncement in McClellan v. Wood, supra, and subsequent cases, although they were all decided prior to the 1945 enactment of Section 59.08, F.S.A. Since Common Law Rule No. 50 prohibits the execution of writs of fieri facias until the time for filing a motion for new trial has expired or, in the event a motion for new trial is filed, until after such motion shall have been disposed of, it occurs to us that it is entirely reasonable and appropriate, as well as practical, to say, as we did in McClellan v. Wood, supra, "* * * a judgment is not in all respects final until the motion for new trial is disposed of * * *."
We believe that logic and reason supports the view expressed by us in McClellan v. Wood, supra, and Parradee v. Steed, supra. We might place the attorney for a losing party in a common-law action in the position of being required to do a useless act or to make an idle gesture were we to construe Section 59.08, supra, in such manner as to compel him to sue out his appeal before the trial judge has passed upon a motion for a new trial. It would be impossible for such attorney to know until the motion for new trial had been disposed of whether he need take an appeal. Were counsel required to take an appeal before disposition of a motion for a new trial he might find himself in the position of having entered an unnecessary appeal and conceivably could have expended a great deal of valuable time and effort in preparing the needless invocation of appellate jurisdiction and in prosecuting the appeal, should his motion for a new trial be granted.
We hold that a motion for a new trial in a common-law action made within the time provided by law tolls the running of the sixty day period allowed for an appeal until such motion for new trial is disposed of by the trial judge.
It is ordered that the petition for rehearing be and the same is hereby denied.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.